WILLARD REORGANIZED SCHOOL DISTRICT NO. 2 OF GREENE COUNTY, MISSOURI, APPELLANT, v. SPRINGFIELD REORGANIZED SCHOOL DISTRICT NO. 12 OF GREENE COUNTY, MISSOURI, RESPONDENT.—248 SW (2) 435.

Springfield Court of Appeals.    Opinion filed March 24, 1952.

*Farrington & Curtis, E. C. Curtis, Jack S. Curtis,* and *Richard Farrington,* Attorneys for Appellant.

*Frank C. Mann,* and *Mann, Mann, Walter & Powell,* Attorneys for Respondent.

McDOWELL, J.—Action for a declaratory judgment seeking a determination of the validity and effect of certain school elections and asking that the court, by its judgment, determine the rights of the parties in and to the property and funds belonging to former Ritter School District No. 62 of Greene County, Missouri, and the control and management of the education of the children of said former school district, together with the right to collect and receive school taxes from such district and plaintiff prays that the decree adjudge that former Ritter School District No. 62 for all legal purposes be declared a part of plaintiff school district and that defendant be adjudged to pay and deliver to plaintiff all monies and property by it received from said school district.

The cause was tried in Division No. 2 of the Circuit Court of Greene County, Missouri, and judgment rendered in favor of the defendant finding that plaintiff had no jurisdiction over the schools in former Ritter School District No. 62; no right to the money or property of said Ritter School District and no right to collect school taxes therein. From this judgment plaintiff appealed.

Plaintiff's petition pleads that it is a duly organized school district in Greene County, known as Willard Consolidated School District No. 3.

That defendant claims to be a reorganized school district composed of former Springfield School District No. 73 and former Ritter School District No. 62 of Greene County and is assuming to act as such.

That on November 6, 1950, there existed in Greene County a common school district known as Ritter School District No. 62; that a special school meeting was called on November 6, 1950, in this district to vote upon the proposition of uniting it to Willard Consolidated District No. 3 and that, at said election, this consolidation was voted and the results thereof duly certified by the clerk of such meeting to the Board of Directors of Ritter School District and the Board of Education of Willard School District.

The petition then alleges that an action was filed in the Circuit Court attacking the validity of the election held November 6th and that a second petition was presented to the Board of Directors of Ritter School District by fourteen qualified voters thereof and that another special school meeting was held January 4, 1951, for the purpose of again voting on the question of annexation of Ritter School District to Willard School District and this election voted in favor of such annexation, the results of which were duly certified to each of the districts.

The petition alleges that on January 9, 1951, the Board of Education of Willard Consolidated School District No. 3, met in special session to consider the elections held in Ritter School District on November 6, 1950, and on January 4, 1951, and voted unanimously to annex said Ritter School District to Willard School District and immediately notified the clerk of the Board of Directors of Ritter School District and the County Clerk of Greene County, Missouri of its action. The petition then pleads that by virtue of Section 165.300 R. S. Mo. 1949, Ritter District became a part of plaintiff district.

The petition then pleads that on the 16th day of January, 1951, a purported election was held in Springfield School District No. 73 of Greene County, Missouri, and in former Ritter School District No. 62 of Greene County, Missouri, for the purpose of voting upon a proposition to reorganize said districts into one school district; said election being called by the Board of Education of Greene County, Missouri; that, although the proposition was overwhelmingly defeated in said Ritter School District, a majority of the voters of the two districts voted at said election in favor of the reorganization of the two districts and thereafter a new board of education was elected for said reorganized district which then became known as Springfield Reorganized School District No. 12, and said board of education has now received from the county treasurer of Greene County, Missouri, all funds in his hands previously belonging to said Ritter School District and has assumed the operation, management and control of the school located in said former Ritter School District and the education of the children residing in said former district.

The petition pleads that it is plaintiff's contention that former Ritter School District No. 62 is now, and has been since January 9, 1951, a part of Willard Consolidated School District No. 3, now known as Willard Reorganized School District No. 2; that the election of January 16, 1951, by which said Ritter School District and said Springfield School District were purportedly reorganized into Springfield Reorganized District No. 12 was ineffective to include Ritter School District No. 62 because, on that date, there was no such district as Ritter School District; that it had already been annexed and was an integral part of plaintiff district and plaintiff pleads that because of these facts plaintiff, Willard Reorganized School District No. 2

is entitled to have all the funds and property belonging to Ritter School District and the management and control of the schools located in said district with the right to collect and receive school taxes paid by the residents of such district.

The petition pleads that it is the contention of defendant that former Ritter School District is now part of the Springfield Reorganized School District No. 12; that the funds and property of such district belong to plaintiff and that plaintiff is entitled to assume control and management of the school located in such district and to collect and receive the taxes paid by the residents thereof.

The petition pleads: ''That as a result of the aforesaid controversy the rights and status of the plaintiff and the defendant are ''uncertain and insecure, and will remain so until the same are determined by this court, and that a judgment and decree of this Court, entered in accordance with the prayer of this petition, will terminate the controversy and remove the uncertainty, insecurity and confusion resulting therefrom.''

The defendant, in its answer, filed after its motion to dismiss had been overruled, joined in requesting a declaratory judgment praying that the court declare that the defendant district was legally created and is now a valid and lawful district comprising territories of the former Springfield and Ritter districts, and that the court further declare that the proceedings for the alleged annexation of the Ritter District by plaintiff district be declared void.

The facts governing the issues in this case are stipulated. We state such part of said facts as are necessary to determine the issues involved.

That prior to the 16th day of January, 1951, appellant was a school district known as Willard Consolidated District No. 3 of Greene County, Missouri; that on and prior to the 6th day of November, 1950, there existed in Greene County, Missouri, a common school district known as Ritter School District No. 62; that on and prior to the 2nd day of November, 1950, there existed in Greene County, Missouri, a common school district known as Schuyler School District No. 62; that Schuyler District was located between Ritter School District No. 62, and said Willard District, separating their territory. In other words, Ritter District did not adjoin Willard District on November 2nd, 1950; that on the 16th day of January, 1951, there existed in Greene County, Missouri, a city school district known as Springfield School District No. 72.

November 2nd, 1950, the qualified voters of Schuyler District voted to annex that district to Willard District, which annexation was approved November 3, 1950. Thereupon Ritter District and Willard District became adjoining school districts.

That on the 18th day of October, 1950, there was presented to the Board of Directors of Ritter District a petition, signed by thirteen

qualified voters, requesting an election to annex said Ritter District to Willard District and that, on the 19th day of October, 1950, a petition, signed by eleven qualified voters, was presented to the Ritter Board requesting an election to annex said district to the Springfield District. On October 21, 1950, an election was called by the directors of Ritter District for November 6, 1950, to vote upon the proposal to annex Ritter District to Willard District, which proposition was carried by a vote of 138 to 65 and the result certified to the Board of Directors of the two districts.

November 4th, 1950, a petition, signed by ten qualified voters of Ritter District, was presented to the Board for the purpose of having the district annexed to Willard District. This second petition was presented because a suit had been started in the Circuit Court to prevent an election held under the petition of October 18th, because, at that time, Ritter District and Willard District were not adjoining.

An election was called by the Board of Directors of Ritter District on December 18, 1950, to be held January 4, 1951, to vote on the proposition of annexation of Ritter District to Willard District on the petition, filed November 4th, and the voters voted for an annexation, 111 to 41, which election was certified to the Boards of Education of both districts. On the 9th day of January, 1951, the Board of Education met and approved the annexation of Willard District, being the first action of the Board in reference thereto, although it had met November 11, December 13 and January 9th.

That the Greene County Board of Education was organized in April, 1949, pursuant to the provisions of Section 165.657 et seq. R. S. Mo. 1949; that said Board thereafter promulgated plans for the reorganization of all the school districts in Greene County, Missouri, with the exception of the Springfield School District, one of which plans consolidated Ritter School District with other elementary school districts. These plans, with the approval of the State Board of Education, were submitted to the qualified voters of the school district at an election held November 9, 1949, and were defeated. The Greene County Board of Education met on several occasions in the year 1950, working on and discussing a second plan of reorganization of the school districts of Greene County, the date and times of these meetings were set out in the agreed statement of facts; that at its meeting on October 20, 1950, the Greene County Board of Education approved a proposed plan of reorganization for the consolidation of the Ritter School District and Springfield School District into a single reorganized school district to be known as Springfield Reorganized School District No. 12, the respondent in this action. This plan was submitted to the State Board of Education October 23, 1950, approved by that Board December 15, 1950, and, on December 18, 1950, the County Board of Education ordered this proposed plan submitted

to the qualified voters of Ritter School District and of the Springfield School District at an election to be held January 16, 1951. At this election the majority of the voters in the two districts approved the plan of reorganization, although it was opposed by a majority of the voters in Ritter School District. The result of said election was certified by the secretary of the County Board to the State Board of Education. Thereafter, and pursuant to an order of the Greene County Board of Education and the posting of notices by it, an election was held in the reorganized district, comprising the Ritter and Springfield School Districts, on February 13, 1951, for the election of six directors for the reorganized district. On February 28, 1951, these directors, so elected, qualified and organized the Board of respondent reorganized district by electing officers therefor.

That following the organization of respondent district on February 28, 1951, and pursuant to the opinion of the Attorney General of Missouri, the treasurer of Greene County paid over to respondent school district all school funds belonging to Ritter District; that commencing with the school term in the fall of 1951 the respondent has taken charge of and is conducting and superintending the conduct of the schools and the employment of teachers therefor in the territory comprising the former Ritter District. Appellant district contends and has contended that, since the 9th day of January, 1951, former Ritter district is a part of appellant district and that appellant is entitled to all funds and property belonging to said Ritter District and entitled to the control and management of the schools located therein, and entitled to collect and receive all school taxes paid by the residents of Ritter District and to all funds of said district; that since January 16, 1951, respondent contended and still contends that the respondent school district was legally created and that the former Ritter District is a part of respondent district and that respondent district is entitled to all funds in the control of said district.

No question is raised by either party as to the form of any plan or petition nor as to the notices given thereof.

Under point I in appellant's brief and argument it discusses the question of its right to maintain this action under the declaratory judgment act.

Under point I of respondent's brief, respondent contends that the judgment prayed for in appellant's petition is an attack upon the validity of respondent as a legal entity; that a judgment in favor of appellant could be granted by the court only by first decreeing that the organization of respondent district was void in its inception.

Under the law in Missouri the corporate existence of respondent school district could only be questioned by the State in a direct proceeding instituted for that purpose. State v. Hunt, Mo. Sup., 199 S. W. 944, 945.

In State v. Gardner, Mo. App., 204 S. W. 2d 319, 322, decided by this court, the law is stated:

"Whether the consolidated district was legally organized and whether the individual relators were legally elected as directors thereof can only be questioned by the state in a direct proceeding by quo warranto."

This case cited numerous authorities supporting this holding.

In Spiking School Dist. No. 71 v. Purported "Enlarged School District, etc.," Mo. Sup., 245 S. W. 2d 13, the Supreme Court states the law on page 21 thus:

"On the pleaded and admitted facts we must hold the corporate existence of the reorganized district could only be questioned by the state in a direct proceeding instituted for that purpose. State ex inf. Barker v. Smith, 271 Mo. 168, 196 S. W. 17; State ex rel. Consolidated School District No. 2 Clinton County v. Hunt, supra; Bonderer v. Hall, supra, 205 S. W. 542; State ex rel. Smith v. Gardner, supra, 204 S. W. 2d 319; Spilker v. Bethel Special School District Shelby County, Mo. App., 235 S. W. 2d 78. The refusal of the prosecuting attorney of DeKalb County or the Attorney General of the State, as alleged, to institute quo warranto to test the validity of the reorganization proceeding, could not authorize the individual plaintiffs to maintain the action and make a collateral attack upon the reorganization proceedings, or upon the rights of the directors of the reorganized school district to act as such directors. State ex rel. Smith v. Gardner, supra."

Under the facts stipulated in the case at bar it is admitted that Greene County Board of Education was organized in April, 1949, pursuant to the provisions of Section 165.657, et seq. R. S. Mo. 1949; that the Board thereafter promulgated plans for the reorganization of all the school districts in Greene County and submitted such plans to the voters for approval, which were defeated in an election held on the 9th day of November, 1949; that said Greene County Board of Education, at its meeting on October 20, 1950, approved a proposed plan of reorganization for the consolidation of Ritter School District and the Springfield School District into a single reorganized school district to be known as Springfield Reorganized School District No. 12, the respondent in this action; that said plan was submitted to the State Board of Education, October 23, 1950, and, by it, approved on December 15, 1950; December 18, 1950, the Greene County Board of Education ordered this proposed plan submitted to the qualified voters of Ritter School District and Springfield School District to be held under its supervision on January 16, 1951, and notices were published as provided by law. At the election on January 16, 1951, a majority of the voters in the two districts voted in favor of the approval of this plan; that the results of the election were certified by the secretary of the county board to the State Board of Education;

thereafter, in pursuance to an order of the Greene County Board of Education, an election was held in the reorganized district, formerly comprising the Ritter and Springfield School Districts, on February 13, 1951, at which time six directors for the reorganized district were elected; February 28, 1951, the directors, so elected, qualified and organized a board of the respondent reorganized district by electing officers therefor; that following the organization of respondent district on February 28, 1951, and pursuant to the opinion of the Attorney General of Missouri, the treasurer of Greene County paid to respondent school district all school funds belonging to former Ritter District; that commencing with the school term of 1951, respondent reorganized district has taken charge of and is conducting and supervising the conduct of the school and the employment of teachers therefor in the territory comprising the former Ritter District.

Appellant's petition pleads that on the 16th day of January, 1951, a purported election was held in Springfield School District No. 73 of Greene County, Missouri, and in former Ritter School District No. 62 of Greene County, Missouri, for the purpose of voting upon a proposition to reorganize said districts into one school district, said election being called by the Board of Education of Greene County, Missouri; that a majority of the voters of the two districts voted at said election in favor of the reorganization of the two districts and thereafter a new Board of Education was elected for said reorganized district, which then became known as Springfield Reorganized School District No. 12, and said Board of Education has now received from the County Treasurer of Greene County, Missouri, all funds in his hands previously belonging to said Ritter School District and has assumed the operation, management and control of the school located in said former Ritter School District and the education of the children residing in said former Ritter District.

The petition then pleads that it is the contention of appellant that the former Ritter School District No. 62 is now, and has been since January 9, 1951, a part of Willard Consolidated District No. 3, now known as Willard Reorganized School District No. 2; that the election of January 16, 1951, by which Ritter School District and the Springfield School District were purportedly reorganized into Springfield Reorganized School District No. 12, was ineffective to include Ritter District No. 62 in Springfield Reorganized District No. 12, as there was on the date of said election no school district in existence in Greene County, Missouri, known as Ritter School District No. 62; that said Ritter School District had already been annexed to said Willard School District and was on said date an integral part thereof.

The petition states facts showing that the respondent is at least a de facto reorganized school district and that it is functioning as such. While it states facts showing that the steps taken in the organ-

ization of such district were illegal and void because, at the time the County Board of Education submitted its plan to the voters to reorganize Ritter School District and Springfield District into one, it did not have jurisdiction over the territory of Ritter School District for the claimed reason that said district had already been annexed to appellant district, yet it pleads facts showing that all steps necessary for a proper organization of respondent district were taken and that, when the proposition was submitted to the voters of the districts, and approved, and that after said proposition was declared by the Board of Education to have received a vote in favor thereof, the County Board held a special election at which six directors were elected for the newly reorganized district and that this board was organized, electing officers, and that since said organization of the new school board for the reorganized district said board has exercised and held themselves out to be the school directors of said purported reorganized district; that they have claimed the monies and properties of the former Ritter School District and have been attempting to supervise, exercise dominion, jurisdiction and control of the school functions in this district. These allegations show the de facto existence of the reorganized respondent district and that it is purporting to function as such. Spiking School Dist. No. 71 v. Purported "Enlarged School District, etc.", supra; State v. Gardner, supra.

In State v. Thompson, Mo. Sup., 19 S. W. 2d 714, 719, Judge White, in a dissenting opinion, states the proper rule as to what constitutes a de facto corporation:

"If the district is exercising functions, which under the law it might exercise if properly organized, then it is a de facto municipal corporation, and its acts cannot be questioned in a collateral proceeding. But, if such a district as this purports to be could not exist under the law, then, of course, its acts may be attacked collaterally. * * *"

Appellant does not contend that it questions the validity of the organization of respondent district. It tries to bring its case within that class of cases which relate to whether certain territories belong to one district or the other; questions relating to boundary lines of districts, etc. But when appellant alleges in its petition that, at the time the county board took jurisdiction for the purposes of organizing respondent district, said district was already a part of another district and that when the vote was taken to reorganize respondent district it was a nullity because the Ritter School District was not in existence, this clearly is an attack upon the legality of the formation of respondent district and we think such an attack can only be made in a direct proceeding brought by the State in quo warranto.

Appellant cites State v. Moreland, Mo. App., 189 S. W. 602 to sustain its contention that this declaratory judgment action is proper. The facts in this case involve the change of a boundary line between school districts and was not an attack upon the legal existence of

either of the corporations and for that reason is not an authority under the facts in the case at bar.

Mullins v. Eveland, Mo. App., 234 S. W. 2d 639, appellant contends, is similar to the case at bar. An examination of the facts in the case, however, discloses that the issue involved was the alleged annexation of a school district. The legal entity was in no way involved and we, likewise, hold the case not in point.

Lowland School Dist. No. 32 v. Wooldridge School Dist. No. 34, Mo. App., 216 S. W. 2d 545, likewise, is an action under the declaratory judgment law to determine the validity of the alleged annexation of the Lowland School Dist. No. 32 with the adjoining Wooldridge School Dist. No. 34, a corporate village school district. The corporate existence of the school district was not raised and declaratory judgment action was a proper remedy.

State v. Thompson, supra, was an action in mandamus by the directors of Hayti Consolidated School District No. 10 to compel the State Auditor to register and certify certain building bonds issued by the consolidated school district. The only issue passed on here was whether or not the bonds had been legally issued by one having authority to do so. The legal entity was not a question but only the legality of the bonds and the case is not an authority for appellant's contention.

School District No. Four v. Smith, 90 Mo. App. 215, 224, 225, is not an authority for appellant's contention.

We find, under the facts in this case admitted in the agreed statement of facts and pleaded in appellant's petition, that respondent corporation was a de facto corporation; that the relief appellant seeks could be granted only by this court by first decreeing that the organization of respondent district was void in its inception.

Appellant's second contention is that the annexation election held in Ritter District on November 6, 1950, was valid and is entitled to priority over subsequent reorganization election held on January 16, 1951.

The answer to this point requires an interpretation of Section 165.300 R. S. Mo. 1949, the law governing the attempted annexation involved. The statute reads:

"Whenever an entire school district, * * * which adjoins any city, town, consolidated or village school district, * * * desires to be attached thereto for school purposes, upon the reception of a petition setting forth such fact and signed by ten qualified voters of such district, the board of directors thereof shall order a special meeting or special election for said purpose by giving notice as required by section 165.200; * * *"

Under the admitted facts Ritter District did not adjoin Willard District at the time of the filing of the petition, October 18th. Schuyler School District was between the two districts and was not

adjoined to Willard District until November 3rd, at which time Willard District did become an adjoining district to appellant district but appellant contends that under the law it was not necessary to be an adjoining district when the petition was filed to have the proposition submitted to the voters but that when the vote was taken, to wit: November 6th, and the voters approved the annexation, that was all that was necessary to make the annexation legal and binding.

The judgment of the trial court on this proposition is as follows:

"That the proceedings seeking to annex the former Ritter District 62 to plaintiff, begun by filing a petition with the Ritter School Board on October 18, 1950, and approved by the voters of Ritter District on November 6, 1950, were void and of no effect because said Ritter District 62 did not adjoin plaintiff district when said proceedings were begun."

We heartily concur in the finding of the trial court. We think that the statute above quoted contains plain language requiring that said district be an adjoining district when proceedings were started for the purposes of annexation.

We, likewise, hold that the rule of liberal construction, followed in the cases cited by appellant, the first being State v. Pretended Consolidated School Dist. No. I, Mo. Sup., 223 S.W. 2d 484, does not aid appellant.

In the above cited case, on page 488, the court said:

"'* * * We may not capriciously ignore the plain language of the statute but in determining what the language really means we may consider the entire purpose and policy of the statute and 'the language in the totality of the enactment' and construe it in the light of 'what is below the surface of the words and yet fairly a part of them.' The meaning of statutes and particularly the meaning of our school statutes may not be found in a single sentence but in all their parts and their relation to the end in view or to the general purpose. Some Reflections On the Reading of Statutes, Frankfurter, 2 Record of The Ass'n of The Bar of the City of New York No. 6; 47 Col. L. R. 527. 'This court has ruled several times that the consolidated school district statute must be liberally construed as a workable method employed by ordinary citizens, not learned in the law.' State ex rel. and to Use of Parman v. Manring, 332 Mo. 235, 243, 58 S. W. 2d 269, 273. So considered the bare facts involved in this cause may violate the words of the proviso but not its essence, policy or essential purpose in such a serious or substantial manner that the consolidation should be declared void."

We fully agree with this law but it in no way helps appellant. To emasculate the plain meaning of the statute requiring that school districts be adjoining districts before proceedings can be had to annex the same would be performing the acts of the legislature in repealing

the law as it is and it is not the duty of the court to write laws but to interpret them.

State v. Sullivan, Mo. Sup., 8 S. W. 2d 616, 618, the court states the rule of law thus:

"* * * Prefatory to a discussion of the legality of that proceeding, mere irregularities will be disregarded. By this we mean such acts of omission or commission in the process of organization which do not run counter to the evidently mandatory requirements of the Constitution or the statute, nor deprive the voters of an opportunity to exercise their will in the formation of the consolidated district. * * *"

We hold that the statutory requirement involved in this case, that the school districts be adjoining before proceedings can be taken to annex the same, is mandatory.

We think it is unnecessary to go into all of the other cases because we think the law is well settled as stated herein, and we hold that the trial court's judgment as set out herein was correct and should be affirmed on this issue.

Appellant's third contention as set out in its brief is that the annexation election held in Ritter District on January 4, 1951, pursuant to the petition presented on November 4, 1950, is entitled to priority over the reorganization election of January 16, 1951, called by the Greene County Board of Education on December 18, 1950.

Under this contention appellant says that the Greene County Board of Education had no jurisdiction to call a reorganized election involving Ritter District until after November 9, 1950, and the petition for annexation, presented to the Ritter Board on November 4, 1950, was prior thereto and gave the Ritter Board exclusive jurisdiction until action called for by said petition was completed.

This contention raises the question of which of the political subdivisions, appellant or respondent, took the first valid step toward effecting the annexation of Ritter School District.

We affirm the ruling of the trial court that in a dispute between two political subdivisions as to which may annex a given territory, the one which first took a valid step toward effecting the annexation assumes jurisdiction which it retains throughout, regardless of which one first takes the steps which finally complete the annexation.

Section 165.693 R. S. Mo. 1949, reads as follows:

"In the event that any proposed enlarged district has not received the required majority affirmative vote, the school districts constituting the proposed new school district shall remain as they were prior to the election, but in all such cases the county board of education shall prepare another plan in the same manner as provided for the first plan and the second plan shall be submitted to "a vote in like manner as the first, but not sooner than one year nor later than two years after the date of disapproval of the first plan. Any subsequent plan

shall not be submitted sooner than one year following the date on which the last vote on reorganization was taken.''

Under the facts in this case the Greene County Board of Education was organized in April, 1949, pursuant to the provisions of Section 165.657 et seq., R. S. Mo. 1949. The Board thereafter promulgated plans for the reorganization of all the school districts in Greene County with the exception of the Springfield District. One of these plans sought to consolidate Ritter School District with other districts. These plans were approved by the State Board of Education, submitted to the qualified voters of said school districts and, at an election on November 9, 1949, these plans were defeated. Thereafter, on October 20, 1950, the Greene County Board of Education approved another plan. This plan provided for the consolidation of Ritter School District and Springfield School District into a reorganized district known as Springfield Reorganized School District No. 12, respondent in this action.

This second plan was promulgated under Section 165.693 R. S. Mo. 1949. It was submitted to the State Board of Education, October 23, 1950, approved by that Board December 15, 1950, and, on December 18, 1950, the County Board of Education ordered this plan submitted to the qualified voters of the Ritter School District and the Springfield School District at an election to be held January 16, 1951. At this election a majority of the voters of the two districts voted to consolidate the same, which results were certified by the secretary of the county board to the State Board of Education. Thereafter, pursuant to an order of the County Board, directors were elected and on February 28, 1951, qualified, and organized the board for respondent district by electing officers therefor.

On November 4, 1950, a petition was filed by qualified voters of Ritter District to annex said district to appellant district, which proposition was submitted to the voters on January 4th and carried. On January 9, 1951, the Board of Education of Willard District approved this annexation.

It is the contention of appellant in this case that since the first plan submitted for reorganization by the county board was defeated in the election of November 9, 1949, under Section 165.693 R. S. Mo. 1949, which provides that the second plan shall not be submitted to a vote sooner than one year, that jurisdiction of Ritter School District was not acquired by the action of the County Board in its second plan filed October 20th; that exclusive jurisdiction was acquired of the former Ritter School District by the petition filed to annex it to Willard District on November 4th and, therefore, the election of January 16, 1951, which formed respondent district was a nullity because exclusive jurisdiction had already been taken by appellant district and, at the time of this election, there was no Ritter School District to be annexed.

This contention on the part of appellant raises the construction of Section 165.693 R. S. Mo. 1949. This section specifically provides that in the event any proposed enlarged district has not received the required majority affirmative vote, the school districts constituting the proposed new school district shall remain as they were prior to the election. Thus, when the proposed reorganization plan was submitted by the Greene County Board of Education and defeated November 9, 1949, the school districts constituting this plan, which included the Ritter School District, shall remain as they were prior to this election. But the statute then says:

"But in all such cases the county board of education shall prepare another plan * * * and the second plan shall be submitted to a vote in like manner as the first, but not sooner than one year nor later than two years after the date of disapproval of the first plan. * * *"

We think the plain intention of the legislature, from this language, was that if the first plan submitted was defeated, the County Board should immediately prepare another plan, as it did in this case, and, when that plan was prepared on October 20th, submitted to the State Board, covering Ritter School District and Springfield School District, under the statute, exclusive jurisdiction was taken by the County Board and that exclusive jurisdiction continued in the County Board until the final vote was taken January 16, 1951, completing the formation of respondent district.

We hold that under the express terms of the statute respondent district took the first step toward the consolidation of Ritter School District with the Springfield District and that that action, on the part of the County Board, prevented the annexation of Ritter School District to appellant district under the petition filed by the citizens of the Ritter District on November 4th. Therefore, we affirm the judgment of the trial court in holding that the reorganization of respondent district was valid.

We have examined the authorities touching upon the question of jurisdiction as contended for by appellant under this point and find that they in no way conflict with our opinion herein. For instance appellant cited Mullins v. Eveland, supra. On page 643 the court makes this statement of law:

"We think the trial court properly found that no plans had been made for the reorganization of the school districts of Ray County. Consequently any tentative plans, which were under consideration, would not prevent Graham School District from voting to become annexed to the Lawson District."

This in no way conflicts with the opinion in the case at bar. Here plans had definitely been made by the county board, approved by the State Board and submitted to the voters. We think the other authorities cited are, likewise, not in point.

Judgment of the trial court affirmed. *Vandeventer, P. J.,* and *Blair, J.,* concur.