The EMERSON ELECTRIC MANUFACTUR-
ING COMPANY, a Corporation,
Plaintiff-Respondent,

North Hills Homesites et al., Plaintiffs-
Appellants,

v.

CITY OF FERGUSON, a Municipal Corpo-
ration, Defendant-Appellant,

and

The Town of Normandy, a Municipal Corpo-
ration, Intervenor-Appellant.

No. 31374.

St. Louis Court of Appeals.

Missouri.

March 17, 1964.

Motion for Rehearing or to Transfer
to Supreme Court Denied
April 13, 1964.

Bryan, Cave, McPheeters & McRoberts, Robert H. McRoberts, Thomas V. Connelly, St. Louis, for plaintiff-respondent.

Kerth, Thies & Schreiber, Alfred H. Kerth, Clayton, William J. Costello, John C. Hannegan, St. Louis, for plaintiffs-appellants.

Carleno & Nick, Al Nick, Ferguson, Wehrle & Wehrle, Walter W. Wehrle and Thomas W. Wehrle, Clayton, for defendant-appellant.

Bardgett, Gallagher & Hackmeyer, John E. Bardgett, Clayton, for intervenor appellant.

BRADY, Commissioner.

These two actions have their basis in attempts by the City of Ferguson, hereinafter called Ferguson, and the Town of Normandy, hereinafter referred to as Normandy, to annex certain land in St. Louis County. Annexation was opposed by the Emerson Electric Manufacturing Company, hereinafter called Emerson, and by North Hills Homesites, hereinafter called North Hills. Normandy, Ferguson and North Hills have appealed from the decisions of the trial court. We have determined that these appeals must be ruled by the merits of Normandy's claim to priority and will therefore limit our factual résumé of over 200 exhibits and a transcript exceeding 1,500 pages to that issue.

On December 20, 1955 the City Plan Commission of Ferguson adopted a resolution recommending to the city council the annexation of the area encompassed by the Emerson and North Hills properties. The commission suggested to the council that it consider these two areas separately and recommended that the area including Emerson's property be given preference to facilitate industrial development of other properties which the commission intended to zone for industrial purposes. On December 27, 1955 the City Council of Ferguson adopted two separate resolutions which were identical except as to the description of the land involved. These resolutions provided "THAT the Director of Law of the City of Ferguson, Missouri be and is hereby authorized and directed to take such steps as may be necessary under and by virtue of the provisions of Section 71.015, Revised Statutes of Missouri, 1949, (as amended) to institute and file an action in the Circuit Court of St. Louis County, Missouri, in which such unincorporated area is situated, under the provisions of Chapter 527, Revised Statutes of Missouri, 1949, praying for a declaratory judgment to allow the City of Ferguson to annex the property described as follows, to-wit: * * *." On February 3, 1956 Ferguson filed a Sawyer Act proceeding in the Circuit Court of

St. Louis County seeking a declaration of its authority to proceed with its proposed annexation of the Emerson property.

On April 12, 1956 Normandy filed its petition for annexation of the Emerson property with the St. Louis County Council. Normandy's exhibits show that various departments of the county government filed their reports with the council as they were required to do.

On May 2, 1956 Ferguson sent a letter to the St. Louis County Council informing them of the pendency of their Sawyer Act case seeking annexation of the Emerson property and pointing out this property was also included in Normandy's action. That letter requested the council to refrain from taking any action toward the approval of Normandy's petition until the merits of Ferguson's Sawyer Act case were finally determined. The records of the council show that it discussed this request and postponed action on Normandy's petition.

On January 29, 1957 a bill which later became Ordinance No. 116 was introduced in the City Council of Ferguson whereby that city's charter was amended so as to include the Emerson property within its boundaries. This amendment was submitted to the voters of Ferguson and approved on April 2, 1957. On August 21, 1957 Emerson filed suit in the Circuit Court of St. Louis County, being Cause No. 219662, attacking the validity of that ordinance for the principal reasons that it was (1) unreasonable, and (2) because the efforts of Ferguson to annex were barred by a prior pending annexation petition filed by Normandy.

On October 16, 1957 Ferguson again wrote to the county council stating: "The Ferguson City Council respectfully requests that the County Council refrain from taking any action on the petition of the Town of Normandy to annex the tract described in their petition and that this letter be made a part of that file."

On January 14, 1958 the City Council of Ferguson adopted Ordinance No. 214 which amended the city's charter so as to include land lying adjacent to Emerson known as North Hills. This was approved by the voters on April 1, 1958. On May 1, 1958 certain residents of North Hills filed an action in the Circuit Court of St. Louis County attacking the validity of that ordinance. The file number of this action is No. 223197. The basic attacks were that the attempted annexation by Ferguson was (1) unreasonable, and (2) barred by the pending annexation proceedings of Normandy.

Normandy was granted leave to intervene both in North Hills' and in Emerson's attack upon Ferguson's Ordinances No. 116 and No. 214. Normandy's petition is the same as that found in the petitions filed by Emerson and North Hills. In both petitions the court was requested to declare Ferguson's ordinances "* * * illegal and void * * *," to enjoin Ferguson from exercising any municipal authority over the area to be annexed and for other relief as may be proper. There being common questions of law and fact, the parties agreed the cases should be consolidated for trial.

The trial court made a separate findings of fact and entered a separate decree in each case. In Cause No. 219662 the court found the annexation to be "* * * unreasonable, unjust, oppressive and, on account thereof, is void." It also found Normandy had no priority of jurisdiction. Accordingly, the court's decree invalidated Ferguson's Ordinance No. 116. Both Ferguson and Normandy appeal from that judgment. In Cause No. 223197 the court found the annexation reasonable and also found Normandy had no priority of jurisdiction. Accordingly, the decree refused to invalidate Ferguson's Ordinance No. 214. North Hills and Normandy appeal from that judgment.

■ The doctrine of pre-emption or prior jurisdiction in annexation proceedings has long been recognized in Missouri. State ex Inf. Taylor ex rel. Kansas City v. North

Kansas City, 360 Mo. 374, 228 S.W.2d 762; Mayor, Councilmen and Citizens of City of Liberty v. Dealers Transport Co., Mo., 343 S.W.2d 40. In the latter case the rationale of the doctrine was stated to be the sound recognition that there cannot be two municipal corporations with coextensive powers of government extending over the same area. Under this doctrine where two public bodies each claim jurisdiction over the same territory by virtue of annexation proceedings, the public body which takes the first valid step to accomplish annexation has the superior claim regardless of which one completes its proceedings first. State ex rel. Industrial Properties, Inc. v. Weinstein, Mo.App., 306 S.W.2d 634. To the same effect is the holding in Mayor, Councilmen and Citizens of City of Liberty v. Dealers Transport Co., supra, that the question of priority should be determined prior to the time both cities complete annexation. The same principle has been followed in the case of school district consolidations in Missouri. See State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11, Clinton County, Mo., 307 S.W.2d 501; Walker Reorganized School Dist. R-4 v. Flint, Mo.App., 303 S.W.2d 200; State ex rel. Cainsville Reorganized School Dist. No. 1 of Harrison County v. Tomes, Mo.App., 299 S.W.2d 892; Mullins v. Eveland, Mo.App, 234 S.W.2d 639; State ex rel. Corder School Dist. No. R-3 v. Oetting, Mo.App., 245 S.W.2d 157. Of particular importance is the case of State at Inf. of Taylor ex rel. Oster v. Hill, Mo., 262 S.W.2d 581, where it was held that mere consideration by the directors of a district of the intention to enlarge the district was immaterial and did not confer any priority. In the case of Willard Reorganized School Dist. No. 2 of Greene County v. Springfield Reorganized School Dist. No. 12 of Greene County, 241 Mo. App. 934, 248 S.W.2d 435, the same language as found in the Weinstein case, supra, was used; i. e., the court referred to the district which took the first valid step. It follows that we are to look to the facts to determine which municipal body took the first valid step toward incorporation.

■ In so doing it is necessary to carefully delineate the differences between Ferguson and Normandy. Ferguson is a charter city, and while the Sawyer Act by express terms does apply to cities, it does not apply to a charter city. McConnell v. City of Kansas City, Mo., 282 S.W.2d 518. In State ex Inf. Taylor ex rel. Kansas City v. North Kansas City, supra, the Supreme Court held that the right of a charter city to amend its charter and hence extend its boundaries by that amendment as provided for in the Constitution of Missouri is self-enforcing and that the exercise of that right can be accomplished without any legislation. It also follows that any act of the legislature such as the Sawyer Act, attempting to restrict the exercise of the right of a charter city to amend its charter, would be invalid. The inescapable conclusion is that the Sawyer Act does not apply to Ferguson. Since the Sawyer Act does not apply to Ferguson, its action on February 3, 1956 by filing a Sawyer Act proceeding could not be the first valid step in seeking the annexation of this territory. The first valid step which was taken by Ferguson was the introduction and passage of Ordinance No. 116 in January of 1957. This action was a step toward annexation in accordance with the provisions of Ferguson's charter relating to that subject.

■ We pass now to a consideration of Normandy's status. It is agreed in the record that Normandy is a "town" organized under the provisions of Chapter 80 of our statutes. § 80.030, RSMo 1959 expressly provides that a town or village may, under certain circumstances, begin annexation proceedings by filing a proper petition with the circuit court. State ex rel. Hart v. Whitaker, Mo.App., 218 S.W. 2d 121; Prairie Pipe Line Co. v. Moscow Mills, Mo.App., 300 S.W. 298. It should also be noted that the Sawyer Act uses the word "city." The various sections of

Chapter 71 of our statutes make very precise distinctions between "city," "city, incorporated town or incorporated village," "unincorporated town or village," and "city, town or village." Some sections of our statutes apply to cities only and some apply to all classes of municipalities. We further note that the legislature has classified cities into four statutory classes with the result that the word "city" has a very definite meaning. This being so we cannot consider the legislature to have intended the term "city" as used in the Sawyer Act to mean "city, town or village." It follows that the provisions of the Sawyer Act are not applicable to towns. It may be considered illogical to require a city to obtain a declaratory judgment before completing an annexation and not to make the same requirement of a village or town, but that is a matter for the legislature and not for this court.

■ We are, therefore, faced with a situation where neither Normandy nor Ferguson is governed by the Sawyer Act. The consequences of this determination have already been stated as to Ferguson. The consequence as to Normandy is that since it did not need to proceed to secure a declaratory judgment as provided by the Sawyer Act, Normandy took the first valid step toward annexation of this area when it filed with the St. Louis County Council on April 12, 1956 its petition to annex substantially the same area later sought by Ferguson. This was the proper method for a town such as Normandy to begin annexation proceedings.

■ Ferguson refers the resolution of its city plan commission in December of 1955 and the resolution of its city council in the same month of that year as illustrative of its prior jurisdiction. We think the answer to this contention lies in what was said in State at Inf. of Taylor ex rel. Oster v. Hill, supra, where the intention of the directors of a school district was held as not sufficient to establish priority. In this respect we think the intention of the municipal body is not determinative. The pertinent date is the date of the first valid step in the annexation process. Since these resolutions called for or resulted in the filing of an improper Sawyer Act petition, they cannot be considered as constituting the first valid step. Ferguson also argues that Normandy has been guilty of unreasonable delay in not pressing its proceedings before the county council. To support this contention Ferguson argues that the letters which it wrote to the county council requesting that it not take any further action are not properly a part of this record. We cannot agree. These letters appear in the original file which was introduced as an exhibit without objection by Ferguson. Even if there had been an objection, it would seem that these matters were material and pertinent to a proper disposition of this case. The only fair inference to be drawn from the letters is that Normandy's proceedings before the county council were postponed and delayed because of Ferguson's request. It also appears from this record that Ferguson failed to notify the county council that it had abandoned the Sawyer Act case which it referred to in these letters. Ferguson is in no position to complain of Normandy's delay which was in fact the result of Ferguson's actions. Normandy's action must be taken within a time reasonable in view of the circumstances. Mayor, Councilmen and Citizens of City of Liberty v. Dealers Transport Co., supra. It is obvious that the acts of Ferguson in sending these letters are a part of the circumstances to be considered in determining whether Normandy has been guilty of unreasonable delay.

Ferguson also relies upon the fact that in the City of Liberty case the Supreme Court refused to hold that Kansas City had lost jurisdiction due to its failure to submit the matter of annexation to an election within sixty days as provided by its charter. We cannot agree that this lends any support to Ferguson's position. The fact remains in that case Kansas City had validly started

648

the proceedings and in this case Ferguson did not.

■ We hold that Normandy took the first valid step toward annexation by filing its petition with the St. Louis County Council on April 12, 1956. Accordingly, we rule that the trial court's judgment in both of these cases was erroneous for the reason that in each of them it was held that Normandy had no priority of jurisdiction.

The remaining question is the extent of the relief to be granted to Emerson, North Hills and Normandy as the prevailing parties. The specific relief sought was that Ferguson's Ordinances No. 116 and No. 214 be held void and that Ferguson be enjoined from the exercise of any authority such as the collection of taxes, etc. over the land area here involved. The question is whether we should hold Ferguson's ordinances void or whether they should be left unaffected so that in the event Normandy fails to secure favorable action by the St. Louis County Council or fails to press for such action or, succeeding before the county council, loses a court test on the issue of reasonableness, Ferguson may then proceed with its attempt at annexation.

In most of the reported cases involving the issue of "priority of jurisdiction" it was unnecessary to rule this question for the reason that the municipality determined to have priority of jurisdiction also presented the question of the reasonableness of its annexation in the same action, and thus the matter could be completely disposed of. An example of this situation is found in State ex Inf. Taylor ex rel. Kansas City v. North Kansas City, supra. Such a solution is not possible in the instant case for a twofold reason: first, because § 80.030, supra, calls for a determination by the "county court" (in this case the St. Louis County Council) as to the merits of Normandy's petition in whole or in part. That decision has not been made, and our ruling upon the issue of reasonableness would be premature. Secondly, there is no evidence before us as to the reasonableness of Normandy's annexa-

tion. The pleadings and evidence before us go entirely to the question of the reasonableness of Ferguson's annexation. It is obvious that even if we were to hold Ferguson's annexation unreasonable, it would not necessarily follow that Normandy's annexation would be reasonable. That is a different matter requiring separate pleadings and evidence.

In the instant case Normandy needs the approval of the St. Louis County Council before it can complete annexation. The argument that Normandy can unreasonably delay its attempts to secure that approval is without merit. It was held in Mayor, Councilmen and Citizens of City of Liberty v. Dealers Transport Co., supra, that once an annexation proceeding is instituted it must be completed within a reasonable time or the right of priority may be lost. On the other hand Normandy may fail to secure the approval of the St. Louis County Council or, securing that approval, an action to declare the annexation unreasonable may be successfully maintained. Prairie Pipe Line Co. v. Moscow Mills, supra. The argument is that so long as either of these two circumstances may in fact occur, it is inequitable to hold these ordinances void, for to do so would be to require Ferguson to begin its entire proceeding over again with the ensuing duplication of charter amendments and elections. In addition, should another municipality validly begin its annexation proceedings after Normandy's failure but before Ferguson could validly begin their proceedings, Ferguson would be deprived of an opportunity to annex this property, even though it had a long history of attempting to do so. Since we have not herein reached the issue of the reasonableness of Ferguson's annexation and since Normandy's annexation attempt may fail, the contention is that the equities of the situation require that we order these actions held in abeyance pending a final determination of Normandy's proceedings. In this manner, the argument runs, we not only do equity with respect to Ferguson but also do so as to all the parties, as we

avoid the necessity for another lengthy hearing on the very subject exhaustively covered in these five volumes of transcript.

■ This court cannot agree with this argument. It is based upon a "chamber of horrors" argument that is speculative at best. A similar argument, again based upon speculation, could be advanced in support of the opposite ruling. Black's Law Dictionary, Second Edition, defines "void" as " * * * ineffectual * * * having no legal force or binding effect; unable, in law, to support the purpose for which it was intended." It is in this sense that Ferguson's ordinances are void. We think the case of State ex Inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271, compels that decision. In that case there was introduced in the Council of the City of Louisiana on May 3 an ordinance extending the limits of that city to include a certain contiguous area. On May 13 the inhabitants of the area Louisiana sought to annex presented a proper petition to the county court, and that body entered its order incorporating the area as the "Village of Elmwood." On May 14 the City Council of Louisiana passed the ordinance of annexation. The Supreme Court of this state held that Louisiana had priority of jurisdiction and " * * * The order of the county court incorporating the territory as a village was void." (State ex Inf. Goodman ex rel. Crewdson v. Smith, supra, 53 S.W.2d 1. c. 273.)

It follows that these judgments should be reversed and the cause remanded to the trial court with directions that it enter its decree in favor of Emerson in Cause No. 219662, in favor of North Hills in Cause No. 223197, and in favor of Normandy in both causes on the ground that Normandy has priority of jurisdiction. The trial court should also be directed to enter its order permanently enjoining Ferguson from exercising any authority over this area where such authority is based on the annexation of this area by Ordinances No. 116 and No. 214. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgments are reversed, and the cause is remanded to the trial court with directions that it enter its orders in accordance with the opinion expressed herein.

RUDDY, P. J., WOLFE, J., and FRANK W. HAYES, Special Judge, concur.