James W. McCONNELL, Plaintiff-Appellant,

v.

CITY OF KANSAS CITY, Missouri, et al., Defendants-Respondents,

Citizens League for Better Government and James F. Neese, Intervenors-Appellants.

No. 44683.

Supreme Court of Missouri.

Division No. 1.

Sept. 12, 1955.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 10, 1955.

George Edward Leonard, Kansas City, Quintin Johnstone, Chicago, Ill., of counsel, for appellant James W. McConnell.

Jack G. Beamer, Don G. Stubbs, Stubbs, McKenzie, Williams & Merrick, Kansas City, Garrett, Terry, Jones, Blumer & Welton, Kansas City, for appellants Citizens League for Better Government and James F. Neese.

David M. Proctor, City Counselor, John J. Cosgrove, Associate City Counselor, Kansas City, for respondents.

Randolph & Randolph, Ronald S. Reed, St. Joseph, for amicus curiae Suburban Progressive Club, Inc.

COIL, Commissioner.

The question presented is the constitutionality of RSMo 1949, V.A.M.S., Section 71.015 (enacted by the 67th General Assembly and known as the Sawyer Act) as it applies to the City of Kansas City.

That law is: "Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated, under the provisions of chapter 527 RSMo, praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing: 1. The area to be annexed; 2. That such annexation is reasonable and necessary to the proper development of said city; and 3. The ability of said city to furnish normal municipal services of said city to said unincorporated area within a reasonable time after said annexation is to become effective. Such action shall be a class action against the inhabitants of such unincorporated area under the provisions of section 507.070, RSMo."

On August 7, 1954, Kansas City passed an ordinance (Committee Substitute for Ordinance 15951) which provided for the submission to the electors at the next general election on November 2, 1954, a proposition to amend the city's charter by extending the corporate limits to include territory to the south of the present corporate limits.

Appellant McConnell brought an action against Kansas City, the members of its City Council, the Board of Election Commissioners, the Mayor, City Manager and the City Clerk, in which he averred that he owned real property within the area proposed for annexation by the above-noted ordinance, and that Kansas City had failed to comply with the Sawyer Act in that it had not proceeded as therein required for a declaratory judgment. He prayed for a declaratory judgment declaring the validity of the Sawyer Act and for an injunction enjoining the submission of the annexation proposition to the voters until Kansas City had first complied with the Act.

The Citizens League for Better Government, a corporation, and James F. Neese, a citizen and property owner in Jackson County, with leave, filed an intervening petition containing generally the same averments as in McConnell's petition.

Kansas City's motions to dismiss both petitions were sustained on the ground that the Sawyer Act was unconstitutional be-

cause it limited the power of Kansas City to amend its charter as provided in Mo.Const. 1945, Art. VI, § 20, V.A.M.S., and because the Act was too indefinite and uncertain to permit a construction thereof which would give effect to any sufficiently clearly expressed intention of the legislature.

McConnell and intervenors have appealed from the final judgment of dismissal. Suburban Progressive Club, Inc. of Buchanan County, with leave, has filed here an amicus curiae brief.

■ We note, as pointed out by respondent, that although the City is required to *bring* an action for a declaratory judgment, there is no specific requirement in the Act that the city must *obtain* such a judgment and, if so, whether before or after the time of acceptance or rejection by the voters. The Act provides that "whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, *before* proceeding as otherwise authorized by law or charter * * * file an action in the circuit court * * *." (Italics ours.) Consequently, it would appear that, construing "resolution" to include "ordinance," the legislative intent is plain enough that the city is to seek and, by clear implication, *obtain* the declaratory judgment *before* the proposition contained in the ordinance is submitted to the voters. So that we may read the first part of the Act as though it provided: "Whenever the governing body of any city has passed an ordinance to annex or to submit to the voters a proposal to annex any unincorporated area of land, such city shall, before proceeding further, first obtain a declaratory judgment in an action filed by it," etc.

The Act then designates the declaratory judgment to be prayed for (and we have said to be obtained) as "a declaratory judgment authorizing such annexaton." Now, it is difficult to give any meaning to the last quoted words other than, either, that the language means exactly what it says, viz., that the declaratory judgment to be obtained is one "authorizing such annexation", or, perhaps, that the language used

may be said to mean that the declaratory judgment contemplated was one "authorizing the city to *proceed* with annexation proceedings as otherwise provided by law."

■ Kansas City is a constitutional charter City. Art. VI, § 20, of the Constitution (all references to the constitution are to Mo.Const.1945, V.A.M.S., unless otherwise indicated), applicable to Kansas City, is a self-enforcing provision conferring the power, and providing the procedure for, constitutional charter cities to amend their charters; and an extension of a city's corporate limits is a charter amendment within the purview of Art. VI, § 20. State ex Inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762, 769–771. Art. VI, § 20, provides: "Amendments of any city charter adopted under the foregoing provisions may be submitted to the electors by a commission as provided for a complete charter. Amendments may also be proposed by the legislative body of the city or by petition of not less than ten per cent of the registered qualified electors of the city, filed with the body or official having charge of the city elections, setting forth the proposed amendment. The legislative body shall at once provide, by ordinance, that any amendment so proposed shall be submitted to the electors at the next election held in the city not less than sixty days after its passage, or at a special election held as provided for a charter. Any amendment approved by a majority of the qualified electors voting thereon, shall become a part of the charter at the time and under the conditions fixed in the amendment; and sections or articles may be submitted separately or in the alternative and determined as provided for a complete charter."

It seems clear that the people of the state have "authorized" constitutional charter cities, through their electors, to annex territory by a direct constitutional grant of power to so do. It is arguable, therefore, that an attempt by the legislature to require a declaratory judgment by a court, "authorizing" a charter city to annex specified territory or "authorizing a charter city to pro-

ceed with an annexation," amounts to the delegation of a power to the courts which by the constitution has been conferred upon the city and its electors.

It is contended, however, in appellants' and amicus' briefs that the legislature intended by the Sawyer Act merely to provide a procedure whereby a court would adjudge the reasonableness of a proposed annexation prior to the submission of the annexation proposal to the electors. If the legislature had in mind that the declaratory judgment to be rendered would be one declaring, in effect, that if the specified territory were annexed such would constitute a reasonable exercise of the city's power to annex, or one declaring that such would be an unreasonable exercise of the power to annex and, in that event, further declaring that such proposition be not submitted to the voters, see: Hixson v. Kansas City, 361 Mo. 1211, 239 S.W.2d 341, 346 [6], certainly, at the very least, the Act does not express such an intent with unmistakable clarity. On the contrary, the language of the Act clearly provides that the declaratory judgment shall be one "authorizing such annexation." It is true, however, that the Act provides that the city's petition for the declaratory judgment will contain allegations which show the necessity for, and the reasonableness of, such annexation and allegations which show the ability of the city to furnish the proposed area to be annexed municipal services within a reasonable time after the effective date of the annexation. And it is also true that the matters included in all those required allegations may be said to bear upon or relate to the question of the "reasonableness" of an annexation. State ex inf. Taylor ex rel. Kansas City v. North Kansas City, supra, 228 S.W.2d 774-778. From this premise it may be contended that inasmuch as all the "issues" presented by the allegations of a city's petition relate to the "reasonableness" of the annexation that, consequently, any judgment rendered would necessarily adjudicate and be responsive to only those matters stated in the petition.

We find it unnecessary to rule the matters heretofore suggested because even if we were to construe the Act as a whole as sufficiently definite to indicate a legislative intent merely to insert a procedural step into the annexation process, by providing that the question of the "reasonableness" of the proposed annexation be determined before rather than after the annexation proposal has been voted upon by the electors, and, in the event of a judgment declaring the proposed annexation unreasonable, by obviating the necessity of submitting the proposal to the voters, the fact is that Section 71.015 conflicts with and is repugnant to the present annexation procedure provided in Art. VI, § 20, of the Constitution. This is because Art. VI, § 20, provides that when charter amendments are proposed by a city's legislative body or are proposed by the petition of at least ten per cent of the city's qualified electors, the city's legislative body shall "at once provide, by ordinance, that any amendment so proposed shall be submitted to the electors at the next election held in the city not less than sixty days after its passage, or at a special election held as provided for a charter." The only "special election" mentioned in Art. VI, § 19, is a "special election" which shall be held "not less than sixty nor more than ninety days after the filing of the petition," which shall have been signed by twenty per cent of the city's qualified voters. And Section 20 also provides that charter amendments "may be submitted to the electors by a commission as provided for a complete charter." Under the provisions of Section 19, the charter framed by the commission "shall be submitted to the electors of the city at an election held at the time fixed by the commission, but not less than thirty days subsequent to the completion of the charter nor more than one year from the date of the election of the commission." So that, reading Section 20 in the light of Section 19, it is clear that the constitution makes it mandatory that any proposition to annex proposed by a constitutional charter city's legislative body or by the petition of not less than ten per cent of such city's qualified electors, shall, through an ordinance to be

"at once" enacted, be submitted to the electors either at the next election to be held not less than sixty days after the passage of the ordinance or at a special election to be held not less than sixty nor more than ninety days after the electors' petition shall have been filed; and that a proposal to annex submitted to the electors by a commission, elected under Section 19, shall be submitted to the voters within one year after the commission shall have been elected.

■ It must be apparent, then, that the Sawyer Act, which postpones the submission to the electors of an annexation proposal until a declaratory judgment action shall have been filed (and, incidentally, the time for filing such action is not specified) and *finally* determined, conflicts with the procedure provided by Art. VI, § 20, of the Constitution and, therefore, that the Act is invalid as to charter cities to which Section 20 is applicable. This, because the time necessarily consumed in obtaining a final declaratory judgment would, at least in many instances, make it impossible for the charter city to submit annexation proposals to its electors within the time limits prescribed by the procedure set forth in the constitution.

In State ex inf. Taylor ex rel. Kansas City v. North Kansas City, supra, it was held that a statute which provided for a three-fifths vote of the electors as necessary to adopt an annexation proposal was invalid as to Kansas City because that provision was in conflict with and repugnant to Art. VI, § 20, which provides for the adoption of an annexation proposal by a majority vote, 228 S.W.2d 771–772. The provisions of the Sawyer Act in the respect heretofore noted are likewise in conflict with and repugnant to the provisions of Art. VI, § 20, of the Constitution and the Act is thereby invalid as to those charter cities subject to Section 20.

As stated the instant case involves the constitutionality of the Sawyer Act as it is applicable to Kansas City. As indicated heretofore, a brief has been filed hereby amicus curiae who is interested in the validity of the Act as it applies to the City of St. Joseph, a first-class city. In view of the reason herein assigned for holding the Act unconstitutional as to Kansas City, it is apparent that we do not reach or rule the question of the validity of the Act as to other than those charter cities which are subject to the provisions of Art. VI, § 20, of the Constitution.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.