STATE of Missouri at the Relation of George LANE, Harold Herman and Edmund Gorman, Relators,

v.

Hampton CHAMBERS, Chairman; Carl E. Enggas, Secretary; William Morris and Clyde Linde, Chairman, Secretary and Members Respectively of the Kansas City Board of Election Commissioners; Robert G. Kirkland, Chairman; Robert B. Hedges, Secretary, Leon Morton, Jr., and E. D. Lewis, Chairman, Secretary and Members Respectively of the Board of Election Commissioners of Clay County, Missouri, and Holman T. Ham, County Clerk and Ex Officio Registration Officer of Platte County, Missouri, Respondents.

No. 23633.

Kansas City Court of Appeals.

Missouri.

Jan. 19, 1962.

Joe S. Levy, Thomas Conway, Paul Margolis, Jr., Kansas City, for relators.

William Tipton, Robert R. Cohn, Kansas City, John W. Coots, Platte City, for respondents.

HUNTER, Presiding Judge.

This is an action in mandamus brought in the name of the State of Missouri by relators, George Lane, Harold Herman and Edmund Gorman, who are registered, qualified electors and citizens of the City of Kansas City, Missouri for the purpose of requiring respondents, who constitute the full membership of the election bodies and officials in charge of elections for the City of Kansas City, Missouri, to place a certain proposal for amendment of the Charter of Kansas City, Missouri on the ballot at the next election to be held in the City on March 6, 1962.

This court has issued its alternate writ which has resulted in a full hearing on the merits of the controversy. There is little dispute over the facts, most of which have been admitted either in the pleadings or by respective counsel at the hearing. We proceed to set out such of these facts as are pertinent to the issues.

For some time prior to January 2, 1962, relators and others circulated petitions for the purpose of obtaining a Charter amendment to the Charter of the City of Kansas City, Missouri. The petitions recited that the undersigned, being duly registered, qualified electors of the City of Kansas City, Missouri, "pursuant to Sections 19 and 20 of Article VI of the Constitution of the State of Missouri, present to the City Council of this City, this petition by filing the same with the City Clerk of Kansas City, Missouri, and request the City Council to adopt at once an appropriate ordinance so that the following proposed amendment to the Charter of Kansas City, Missouri, shall be placed upon the ballot and submitted to the registered and qualified electors of Kansas City, Missouri, for their adoption or rejection * * *; said pro-

posed amendment will require the City to be divided into twelve councilmanic districts with one councilman running for election inside each district, and no councilman running at large."

Attached to each of these petitions was a copy of the proposed amendment to the City Charter.[1]

As a result of the circulation of these petitions approximately 32,000 signatures were obtained.

It is undisputed that these petitions were in proper form and were signed by substantially more than ten percent of the registered qualified voters of Kansas City, Missouri as of the time of the last preceding general election and also more than ten percent of the registered qualified voters of Kansas City, Missouri on January 2, 1962, and at all other times mentioned.[2]

On January 5, 1962, there was filed with the City Council of Kansas City by Holman T. Ham, County Clerk and ex officio Registration Officer of Platte County, Missouri, one of the above named respondents, two certificates dated January 2, 1962, certifying that there were no qualified electors of Kansas City, Missouri from Platte County who voted in the last preceding election in Kansas City, no part of Platte County having come into the city limits of Kansas City prior to January 1, 1962; that as of January 1, 1962, there were 79 residents of newly annexed territory of Kansas City registered in Platte County.

Likewise on January 5, 1962, there was filed with the Office of the City Clerk of Kansas City a duly attested certificate executed January 4, 1962, by the Board of Election Commissioners of Clay County, Missouri, to which certificate was attached a copy of the petition for the proposed charter amendment in which the Election Commissioners of Clay County, Missouri certified that 960 registered qualified electors of Kansas City, Missouri in Clay County had signed the mentioned petition for the proposed Charter amendment.

Also on January 5, 1962, the Kansas City Board of Election Commissioners executed a certificate which at 11:30 a. m. on January 5, 1962, it filed with the City Clerk of Kansas City, Missouri, which certificate, among other things, certified that the above mentioned petitions for the proposed Charter amendment and their signatures were duly canvassed and found to contain 23,921 signatures of duly registered qualified electors of the City of Kansas City, Missouri, and that such signatures constitute more than ten percent of the registered qualified electors of the City of Kansas City, Missouri, as of January 2, 1962. The certification did not include the 960 registered qualified electors certified by the Election Commissioners of Clay County, Missouri.

On December 1, 1961, a proponent of the proposed Charter amendment, Joseph S. Levy, with the consent of the City Council of Kansas City appeared at a meeting of the City Council, discussed the proposed Charter amendment, and requested the City Council to pass an ordinance placing the proposed amendment on the ballot at the March 6, 1962, election.

On December 8, 1961, Ordinance No. 26933 was introduced and passed by the City Council calling for the placing of a

---

1. The proposed amendment read in part: "BE IT ADOPTED by the duly qualified electors of Kansas City, Missouri, that the Charter of Kansas City, be amended by repealing Sections 6, 7 and 9 of Article II and Sections 418, 419, 421 and 424 of Article XVI of said Charter, and to adopt in lieu thereof new Sections of like numbers to read

as follows: (setting out specifically the proposed new sections)"

2. According to the testimony, the qualified electors of Kansas City voting in the last municipal election held on March 31, 1959, numbered approximately 90,000, and the number of registered qualified electors in Kansas City on January 2, 1962, was not more than 229,891.

Charter amendment on the ballot at the March 6, 1962, election, which proposed Charter amendment was substantially different from the one advanced by relators.[3]

Later this ordinance was repealed and replaced by Ordinance No. 27022, passed on January 5, 1962, for the apparent purpose of supplying an effective date for the ordinance omitted in the earlier ordinance. Ordinance No. 27022 was duly certified to respondents to be placed on the election of March 6, 1962, and submitting the Council's proposed Charter amendment to the electorate. According to the evidence this ordinance was passed by the City Council just after it voted 4 to 4 on Ordinance No. 27015.

On January 5, 1962, and after the mentioned certifications of the sufficiency of the petitions sponsored by relators the City Council of Kansas City had on its docket reference to these petitions and their certifications; they were at the Council Meeting declared to be received and filed; and there was duly presented at this Council Meeting Ordinance No. 27015 providing for the submission of relators' proposed City Charter amendment to the electors of Kansas City on March 6, 1962, that date being the next election to be held in Kansas City more than sixty days after the passage of such ordinance as provided by Sections 19 and 20 of Article VI of the Constitution of Missouri, V.A.M.S.

After presentation and discussion of Ordinance No. 27015 by the members of the City Council, and after being advised by the City Counselor of Kansas City that because the certified petitions were sufficient and the ordinance was in proper form and content the passage of Ordinance No. 27015

was, by the terms of the Constitution of the State of Missouri, mandatory and outside the discretion of the members of the Council, the City Council voted 4 to 4 on the ordinance, thus failing to enact it.

Since that time relators have been unable to get the respondents to place the proposed City Charter amendment sponsored by relators on the ballot for the March 6, 1962, election, the position of respondents being that they will not do so unless directed to do so by a court of appropriate jurisdiction.

We next turn to those provisions of the Constitution of the State of Missouri and the City Charter that apply to the issues before us.

Article 6, section 20 of the Constitution of 1945, State of Missouri, provides: " * * * Amendments (of City Charters) may also be proposed by the legislative body of the city or by petition of not less than ten percent of the registered qualified electors of the city, filed with the body or official having charge of the city elections, setting forth the proposed amendment. *The legislative body shall at once provide, by ordinance, that any amendment so proposed shall be submitted to the electors at the next election held in the city not less than sixty days after its passage,* or at any special election held as provided for a charter. Any amendment approved by a majority of the qualified electors voting thereon, shall become a part of the charter at the time and under the conditions fixed in the amendment; and sections or articles may be submitted separately or in the alternative and determined as provided for a complete charter." (Emphasis ours.)

3. Relators proposed amendment was for a City Council of 13 members, including the Mayor. There would be 12 councilmanic districts with each district to elect one council member who must be a resident of that particular district. Only the Mayor would be elected at large. This was called "The Twelve-O Plan".

The amendment proposed by Ordinance No. 26933 established a City Council of 13 members, including the Mayor. There would be 6 councilmanic districts with 6 members to be elected only by the electorate of the particular district in which he resided, and the other 6 members and the Mayor to be elected at large. This was called "The 6-6 Plan".

Article VI, Section 19 of the Missouri Constitution provides: "The number of electors required to sign any petition shall be based upon the total number of electors voting at the last preceding general city election. The election body or official shall forthwith finally determine the sufficiency of the petition."

Section 487 of the Charter of Kansas City provides: "This Charter may be amended in the method provided by the Constitution of the State of Missouri, as such constitution now exists, or as it may hereafter be amended."

■ It is clear that relators were following the procedure for amending the City Charter set out in Article VI, section 20, Constitution of Missouri. They obtained the required signatures of ten percent of the registered qualified electors of the City on their petitions. The proper election officials determined their sufficiency. They, together with appropriate certification, were timely presented to the City Council of Kansas City. The office of the City Counsellor of Kansas City prepared an appropriate ordinance embodying the proposed Charter amendment. This Ordinance, No. 27015, was timely considered by the City Council which failed to enact it and, in lieu of it, at that same Council meeting enacted a different ordinance for a charter amendment.

When Ordinance No. 27015 was timely presented to the City Council on January 5, 1962, it was the constitutional duty of the City Council to enact it at once. Article VI, section 20 of the Missouri Constitution directs a City Council under such circumstances to provide at once by ordinance for the submission of any amendment so proposed at the next election held in the city not less than sixty days after its passage. The constitutional provision is mandatory. It is the supreme law of this State. McConnell v. City of Kansas City, Mo., 282 S.W.2d 518. Under the clear provisions of Article VI, section 20 of the Constitution

the City Council had no discretion in the matter. It had only a ministerial act to perform and it was under the constitutional mandate to do it "at once". The City Council of Kansas City did not have the right or power to decide that it did not wish to submit to the voters the properly proposed Charter amendment provided for by Ordinance No. 27015.

What is the effect of the failure of the City Council to obey the constitutional mandate by failing to enact Ordinance No. 27015? Is it to be that the people of Kansas City are to be deprived of their otherwise right to vote on the proposed Charter amendment? Is that to be the necessary effect of the failure to perform a purely ministerial act? We do not think so.

■ A long established and sound legal principle is that where mere ministerial acts are concerned a court under proper circumstances may look upon that as done which should have been done. This is particularly true where the public interest is directly concerned.

■ In saying what we have we wish to make it clear that it is not the function of this court or that of any court to pass on the merits of any proposed Charter amendment, and we do not do so. It is not for us to say whether a proposed Charter amendment is good or bad, or should be enacted or defeated. That is a matter that rests completely with the electorate of Kansas City. Our duty as a court is to apply the pertinent constitutional provisions to the issues before us.

We are convinced that the rights of relators and of the electorate of Kansas City can be restored and made effective, and that the result intended by Article VI, Section 20, of the Constitution can be accomplished, without damage to anyone's rights, by this court ordering respondents to proceed just as though Ordinance No. 27015 had been passed by the City Council of Kansas City at its meeting on January 5,

1962, rather than lost on the mentioned tie vote.

Therefore, it is the judgment of this Court that respondents, in their official capacities, are hereby directed to proceed just as though Ordinance No. 27015 had been duly enacted by the City Council of the City of Kansas City, Missouri, on January 5, 1962, and had been properly certified to such officials together with a request that they proceed to place the Charter amendment provided by Ordinance No. 27015 on the ballot for the March 6, 1962 City election.

It is so ordered.

All concur.