———o———

STATE OF MISSOURI, *ex rel.* STONE, Respondent, *vs.* THE COUNTY COURT OF VERNON COUNTY, Appellant.

1. *Statutes, construction of—Organization of counties into municipal townships. —Acts of March 18, 1872, and March 24, 1873.*—The act of March 24, 1873, was not designed to interrupt the continuity of the act of March 18, 1872, so as to avoid or annul proceedings under it. The act of 1873 must be construed as a continuation of the act of 1872, both relating to the organization of counties into municipal corporations, the former being designed to correct supposed defects in the latter.

2. *Statutes, construction of—Repeal—Acts done under.*—Acts done under a law are not rendered nugatory by the repeal of that law. [W. S. 895, § 5.]

3. *Statutes, construction of—Laws inconsistent—Repeal of,*—The general rule is *leges posteriores priores contrarias abrogant,* but it has limitations.

*Appeal from Vernon Circuit Court.*

*Wight, Jackson & Burton,* for Appellant.

I. The act of 1873 is not amendatory of, but repeals the act of 1872 by the most emphatic language. The court cannot construe a law that can only have one manifest meaning. (Sedg. Stat. Law, 121.) There is no question here of repeal by implication. (Newkirk vs. Chapman, 17 Ill., 344.)

II. A subsequent statute, revising the whole subject of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. (Mich. Canal vs. City of Chicago, 14 Ill., 336; Bartlett vs. King, 12 Mass., 537; Nichols vs. Squire, 5 Pick., 168.)

III. After the repeal of the law, there could undoubtedly be no election of officers under that law, and the new law must be looked to for a full organization. (Sedg. Stat. Law, 129, 130; Pot. Dwar. Stat., 160.)

*Johnson & Buller, and Thos. Van Swearingen,* for Respondent.

I. Though the act of 1873 purports to repeal that of 1872, it is in reality merely a revision thereof, embodying the same principles, and to a great extent literally re-enacting its provisions. Sections 1, 2, and 3 of Article 1 of both acts are precisely the same, and section 4 of Article 1 is substantially so.

These sections are the only ones which make provision for the adoption of the act, and when found in the new statute, must be construed as continuations of the old, and not as new enactments. (State vs. Fiala, 49 Mo., 319; St. Louis vs. Alexander, 23 Mo., 483; Mullen vs. Guest, 6 Texas, 275; W. S. 897, § 5, 3rd Ed.]

II. In construing a statute, the intention of the Legislature is always to be sought, and, when manifestly ascertained, will often control the strict letter of the law, and it will not be presumed, that the Legislature intended to do an unreasonable thing unless such intention is indicated in express terms so as to be unavoidable. [Neenan vs. Smith, 50 Mo., 525; State

9—VOL. LIII.

vs. King, 44 Mo , 283 ; Ryegate vs. Wardsboro, 30 Ver., 746 ; Sedg. Const. Lim., 124.]

III. The title of the act of 1873 also shows that it was merely intended as a revision of the former law. In this country, the title of an act is one of the guides to its interpretation. [Const. Mo. Art. 4, § 31; Smith's Const. Constr'n., § 643.].

IV. The repeal of the statute of 1872 would not affect any thing which was already done and completed, nor any right which was acquired under the old law. (Smith's Const. Constr, § 759 ; W. S. 894, 895, §§ 3, 5.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding by mandamus, instituted in the Circuit Court of of Vernon county, to compel the County Court of that county to district the county into four compact districts for the purpose of electing justices to constitute the future County Court, and to order an election therefor. A peremptory writ was ordered, and the defendants appealed the case to this court.

From the pleadings and exhibits it appears, that under the provisions of the act entitled, " an act to provide for the organization of counties into municipal townships, and to further provide for the local government thereof," approved, March 18, 1872, a proper petition was presented to the County Court, and an order made submitting to the qualified voters of Vernon county, at the general election in November, 1872, the question whether they would adopt the provisions of the above mentioned act. At the election the proposition received a large majority of the votes cast. Subsequently the County Court divided the county into a suitable number of townships to meet the requirements of the people under the proposed new system. But afterwards, at the May term, 1873, the County Court refused to district the county, and to order an election for justices to constitute the new County Court, upon the ground, that the act of March 24, 1873, repealed the act of March 18, 1872, and that Vernon county had not adopt-

ed the township organization law, so as to authorize the County Court to district the county and order an election. The sole and only·question therefore presented is, whether the act of 1873, to more fully provide for the organization of counties into municipal townships, and to more fully provide for the local government thereof, has any application to Vernon county, so as to require the authorities to proceed under it. The two acts are upon the same subject and·intended to accomplish the same object. They must accordingly be construed together in arriving at the legislative intent. There is no doubt of the correctness of the general rule, that *lege posteriores priores contrarias abrogant*. But this rule has its limitations.

The act of 1873 is really nothing more than a revision of the act of·1872. Some of the provisions in the two acts are identical, and they all relate to the same subject matter. The purpose of the later enactment was to remedy defects that were supposed to exist in the former. The subsequent law was not designed to interrupt the continuity of the first act, so as to avoid or annul proceedings commenced·under it.

By the first section of article 17, in the act of 1873, [Sess. Acts, 1873, p. 120,] it is provided, that the County Court in each county having adopted the township organization, at their first meeting after the adoption of the act shall proceed to district their respective counties, as directed in article fifteen, for the purpose of electing County Court judges, and shall appoint a day for the purpose of electing the same. Then after making various provisions, not necessary to be here noticed, the 6th section declares, that an act entitled, " an act to provide for the organization of counties into municipal townships, and to further provide for.the local government thereof," approved March 18, 1872, is hereby repealed.

This last section does, in terms, repeal the former law, but the effect is not to be ascribed to it of completely annulling all proceedings commenced when the former law was in force. The first section, which explains and prescribes the mode of executing the act, says, the County Court in each county hav-

ing adopted the township organization of this State, at their first meeting after the passage of this act shall proceed, etc. As a law existed providing for township organization before, and the provision for putting it in force is essentially the same in both acts, the latter law must be construed as a mere continuation of the former, and one vote of the people is sufficient. But after the passage of the act of 1873 all subsequent proceedings must conform to it.

Under the law the repeal did not affect or render nugatory the acts done, for the statute expressly provides, that the repeal of any statutory provision shall not affect any act done or right accrued or established in any proceeding; but that every such act, right and proceeding, shall remain as valid and effectual as if the provisions so repealed had remained in force, (W. S. 895, § 5,); as the repealing section did not affect or impair the vote of the people of Vernon county in adopting the law in favor of township organization, it results that the law was then in full force, and that the new act simply gave it application and direction.

I am of the opinion that the judgment should be affirmed. The other judges concur.