**38**

William A. ANDERSON et al.,
Plaintiffs-Appellants,

St. Louis County, Missouri, Intervenor-
Plaintiff-Appellant,

v.

MOLINE ACRES, a Municipal Corporation,
Defendant, Respondent.

No. 50543.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1964.

Motion for Rehearing or for Transfer to
Court En Banc Denied Jan. 11, 1965.

Kerth, Thies & Schreiber, By: C. Kenneth Thies, Clayton, for plaintiffs-appellants, Anderson, and another.

Norman C. Parker, St. Louis County Counselor, Lawrence J. Bannes, Associate County Counselor, Clayton, for intervenor-plaintiff-appellant, St. Louis County.

Roy W. Bergmann, Clayton, and Val Terschluse, St. Louis, for defendant-respondent, Moline Acres.

STOCKARD, Commissioner.

This is an appeal by numerous individual plaintiffs and by plaintiff-intervenor St. Louis County from an adverse judgment in their suit against the City of Moline Acres for a declaratory judgment and an injunction. St. Louis County is an appealing party, and for that reason this court has jurisdiction.

Prior to January 3, 1961, what is now the fourth class city of Moline Acres was a village. On July 5, 1955, it enacted an ordinance authorizing proceedings to annex approximately 242 acres of land. On the erroneous theory that Section 71.015 (all statutory references are to RSMo 1959, V. A.M.S.), known as the Sawyers Act, applied to it (see Emerson Electric Manufacturing Company v. City of Ferguson, Mo.App., 376 S.W.2d 643), the Village of Moline Acres filed its petition in the Circuit Court of St. Louis County for the declaratory judgment which is made a condition precedent by the Sawyers Act to the exercise by a city of its authority to annex additional territory. On January 21, 1957, the circuit court entered the requested declaratory judgment. On October 27, 1955, the Village of Moline Acres filed a petition, pursuant to Section 80.030, with the County Council of St. Louis County requesting that the tract of land in question be annexed to the corporate limits of said village. The hearing on this petition was not held until June 12, 1957, after the entry of the declaratory judgment by the circuit court. The petition was taken under ad-

visement but was never acted upon, favorably or unfavorably, by the County Council and the area in question was never annexed by the Village of Moline Acres. On January 3, 1961, the Village of Moline Acres changed its status, after a favorable vote of the inhabitants, from a village to a city of the fourth class. Thereafter, the procedure for annexation provided for by Section 80.030, applicable to villages, was inapplicable to the City of Moline Acres. In order to annex the area in question it was necessary that the city comply with the provisions of Section 79.020, applicable to cities of the fourth class, and also that the city comply with Section 71.015, the Sawyers Act.

On May 2, 1961, the City of Moline Acres called an election at which was submitted to the legal voters of said city for approval the proposed annexation of the area in question, and such approval was obtained. On June 5, 1961, plaintiffs, residents of the area, filed the present suit seeking a declaratory judgment that the purported annexation was invalid, and they also sought to enjoin the City of Moline Acres from exercising any jurisdiction over the area. In a stipulation of facts filed in the case, which contained the facts previously set forth, it was agreed that "the principal if not the sole issue for determination * * is whether the declaratory judgment * * rendered in favor of the Village of Moline Acres on January 21, 1957, is a valid declaratory judgment which will support the subject annexation proceeding by the City of Moline Acres."

The Sawyers Act requires that after the adoption of a resolution by a city to annex any unincorporated area of land, the city shall, before proceeding with the annexation as otherwise provided by law, file an action in the circuit court and obtain a declaratory judgment wherein it is found and adjudged that such annexation is reasonable and necessary to the proper development of said city, and that the city has the ability to furnish "normal municipal services of said city to said unincorporated area within a reasonable time after said annexation is to become effective." See Section 71.015, and also City of St. Joseph v. Hankinson, Mo., 312 S.W.2d 4, where this court set forth the part the Sawyers Act plays in the annexation procedure to be followed by cities to which it is applicable.

By the declaratory judgment rendered on January 21, 1957, at the request of the Village of Moline Acres it was adjudged that "Plaintiff [the Village of Moline Acres] has the ability to furnish normal municipal services of said municipality [that is, the normal municipal services of a village] to said unincorporated area within a reasonable time after said proposed annexation would become effective." The municipal services of a village are not as broad and as encompassing as the municipal services of a fourth class city. Compare Chapter 79, pertaining to cities of the fourth class, and Chapter 80, pertaining to towns and villages. Regardless of whether or not there was a justiciable controversy before the circuit court of St. Louis County subject to judicial determination, see State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, there has been no declaratory judgment that the City of Moline Acres has the ability to furnish the normal municipal services of a city of the fourth class to the area proposed to be annexed within a reasonable time after the proposed annexation. It is immaterial that by its judgment of January 21, 1957, the circuit court found that the Village of Moline Acres was able to furnish the normal municipal services of a village.

Compliance with the Sawyers Act requires that the declaratory judgment therein provided for be obtained, McConnell v. City of Kansas City, Mo., 282 S.W.2d 518, and until obtained the City of Moline Acres may not exercise the delegated authority to annex unincorporated territory. We conclude that there has been no such compliance.

The judgment is reversed and the cause remanded for further proceedings according to the views here expressed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.