**CITY OF KIRKWOOD, a Municipal Corporation, Respondent,**

**v.**

**Leslie L. ALLEN et al., Appellants.**

No. 49920.

Supreme Court of Missouri,

En Banc.

Jan. 10, 1966.

Rehearing Denied Feb. 14, 1966.

John R. Barsanti, Jr., Ramon J. Morganstern, Husch, Eppenberger, Donohue, Elson & Cornfeld (formerly Husch, Eppenberger, Donohue, Elson & Jones), St. Louis, for plaintiff-respondent, City of Kirkwood.

Norman C. Parker, St. Louis County Counselor, Lawrence J. Bannes, Asst. County Counselor, William J. Becker, Clayton, for certain appellants.

Morton I. Golder, Asst. County Counselor, Clayton, for appellant St. Louis County.

Greensfelder, Hemker & Wiese, Mark R. Gale, St. Louis, for Big Bend Realty Co.

DONNELLY, Justice.

This is a class action filed pursuant to § 71.015 (all statutory references are to RSMo 1959, V.A.M.S., unless otherwise stated) by the City of Kirkwood whereby it seeks a declaratory judgment that it may proceed as otherwise authorized by law in the annexation of an area of approximately 4,000 acres lying adjacent to and westerly of the city. St. Louis County is a named defendant and one of the appellants, and for that reason, among others, appellate jurisdiction is in this Court.

In this opinion, we adopt substantial portions of the opinion written by Stockard, C., in Division No. 2 of this Court.

Sections 77.020 and 78.060 provide that "The mayor and council of * * * [the City of Kirkwood], with the consent of a majority of the legal voters of such city voting at an election thereof * * *" have the authority to extend the limits of the city over territory adjacent thereto "* * in such manner as in their judgment and discretion may redound to the benefit of the city." The exercise of this authority is subject to the provisions of § 71.015, which reads as follows:

"Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated, under the provisions of chapter 527 RSMo, praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing:

"1. The area to be annexed;

"2. That such annexation is reasonable and necessary to the proper development of said city; and

"3. The ability of said city to furnish normal municipal services of said city to said unincorporated area within a reasonable time after said annexation is to become effective. Such action shall be a class action against the inhabitants of such unincorporated area under the provisions of section 507.070, RSMo. Laws 1953, p. 309, § 1."

It is the judgment obtained pursuant to provisions of this statute from which this appeal has been taken. However, before we may consider the merits of this appeal we must first determine the effect, if any, of recent legislation pertaining to the right or power of the City of Kirkwood to annex territory.

In 1963 after the declaratory judgment was obtained by the City of Kirkwood but before it became final (because appealed), the Legislature enacted House Bill 21 (§§ 71.860–71.920), which became effective October 13, 1963.

Section 71.860 reads as follows:

"The provisions of section 71.015 shall apply as well to all cities, towns, villages and municipalities of whatsoever kind, located in any first class county which has adopted a constitutional charter for its own local government, except as provided in section 71.920. Laws 1963, p. 126, § A (§ 1)."

Section 71.870 reads as follows:

"The legislative body of any city, town or village located within the boundaries of a first class chartered county shall not have the power to extend the limits of such city, town or village by annexation of unincorporated territory adjacent to the city, town or village in accordance with the provisions of law relating to annexation by such municipalities until an election is held at which the proposition for annexation is carried by a majority of the total votes cast in the city, town or village and by a separate majority of the total votes cast in the unincorporated territory sought to be annexed. There shall be separate elections submitting the proposition of annexation to the two groups of voters, the same to be held simultaneously. The elections shall be held, except as herein otherwise provided, in accordance with the general state law governing elections in first class counties. Laws 1963, p. 126, § A (§ 2)."

Section 71.880 reads as follows:

"Whenever any city, town or village located in a first class chartered county desires to annex any unincorporated land of the county, the governing body of the city, town or village shall, before proceeding as otherwise provided by law, certify a notice of such fact to the board of election commissioners and to the governing body

of the first class chartered county, which notice shall include:

"(1) The description by metes and bounds of the unincorporated territory sought to be annexed, and

"(2) A copy of the order, resolution or ordinance which contains the legislative act of the municipality ordering such election. Laws 1963, p. 126, § A (§ 3)."

Section 71.890 provides for publication and posting of notice of the election by the board of election commissioners. Section 71.900 specifies the form of the ballot.

Section 71.910 reads as follows:

"In the event that the proposition to annex such territory fails to receive the necessary majorities, the proposition shall not be resubmitted to the voters for a period of at least two years. Laws 1963, p. 126, § A (§ 6)."

Section 71.920 reads as follows:

"In the event that the proposition to annex such territory is approved by a unanimous affirmative vote in both the annexing municipality and the territory sought to be annexed, the annexing municipality, other provisions of this chapter notwithstanding, shall extend its limits by ordinance to include such territory, specifying with accuracy the new boundary lines to which the city, town or village limits are extended. Upon duly enacting such annexation ordinance, the municipality shall cause three certified copies of the same to be filed with the clerk of the county wherein the municipality is located, whereupon the annexation shall be complete and final and thereafter all courts of this state shall take judicial notice of the limits of that municipality as so extended. Laws 1963, p. 126, § A (§ 7)."

Prior to the enactment of § 71.015 in 1953, the Legislature of Missouri delegated the authority to determine a change in boundaries by way of annexation of ad-jacent territory, as to the class of cities which includes the City of Kirkwood, to the " * * * mayor and council * * * with the consent of a majority of the legal voters of such city * * *." By the enactment of § 71.015, this authority was not repealed or changed. Instead, the Legislature imposed a condition precedent to the exercise of that authority, that is, " * * * before proceeding as otherwise authorized by law * * * for annexation of unincorporated areas * * *" the city was required to obtain the declaratory judgment required by § 71.015. McConnell v. City of Kansas City, Mo.Sup., 282 S.W.2d 518; City of St. Joseph v. Hankinson, Mo.Sup., 312 S.W.2d 4; Anderson v. Moline Acres, Mo.Sup., 386 S.W.2d 38. The procedure required to be followed, briefly stated, was as follows: (1) The governing body of the city was authorized to adopt a resolution to annex a described unincorporated area of land; (2) the city then obtained the declaratory judgment required by § 71.015 as to the reasonableness of the proposed annexation and the ability of the city to furnish normal municipal services; (3) if a declaratory judgment favorable to the proposed annexation was obtained the city was then authorized to exercise the authority delegated by §§ 77.020 and 78.060 by (a) the action of the mayor and council, and (b) the submission of the proposed annexation to voters of the city for approval; and (4) if the voters consented to the annexation the city was then authorized to take such steps as necessary to complete the annexation and assume jurisdiction over the area. Steps (1), (3) and (4) are legislative. Step (2) is judicial in nature. See the discussion on the part step (2) plays in the annexation procedure set out in City of St. Joseph v. Hankinson, supra, 312 S.W.2d at pp. 7–10.

In the instant case, after the legislative process proceeded only through step (1), and there has been no completion of the judicial step nor any effective exercise of the authority delegated by §§ 77.020 and 78.060, the Legislature has enacted the 1963

34

Act, effective October 13, 1963. We must determine its effect.

In City of St. Joseph v. Hankinson, supra, at p. 10, we said:

"It is hardly necessary to repeat the maxims that the courts should indulge a presumption in favor of constitutionality (Bowman v. Kansas City, Banc, Mo., 233 S.W.2d 26), that they should faithfully apply to the act its plain and rational meaning in order to ascertain its intent and promote its object (Union Electric Co. v. Morris, 359 Mo. 564, 222 S.W.2d 767, 770), and that statutes should be construed so as to give effect to legislative intent and avoid absurd and meaningless results (State ex rel. Gass v. Gordon, Banc, 266 Mo. 394, 181 S.W. 1016; State ex rel. Moseley v. Lee, 319 Mo. 976, 5 S.W.2d 83)."

Examination of § 71.015 and the 1963 Act reveals at the outset an apparent conflict. The 1963 Act, by the terms of § 71.860, makes the provisions of § 71.015 applicable to the City of Kirkwood, which is a city in a first class county which has adopted a constitutional charter for its local government. However, as we have heretofore recognized, under § 71.015, the "city shall, *before proceeding as otherwise authorized by law,*" complete the judicial step. (Italics ours.) Section 71.880 provides that the city shall *"before proceeding as otherwise provided by law"* certify a notice of its desire to annex to the county board of election commissioners in contemplation of an election. (Italics ours.) What is the order of priority? Must the judicial review be completed first? Or, must the election be conducted first with favorable result in both the area annexing and the area to be annexed?

■ "* * * where there are two acts on one subject, the rule is to give effect to both if possible, but if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as to repeal the first. * * *" State ex rel. City

of Republic v. Smith, 345 Mo. 1158, 1166, 139 S.W.2d 929, 934; 82 C.J.S. Statutes § 291; 50 Am.Jur., Statutes, § 543. In the instant case, we find the 1963 Act, in § 71.860, incorporated § 71.015 by reference but then enacted provisions, in § 71.880, which conflict with provisions of § 71.015, as noted above. The 1963 Act is specifically directed to cities located in a first class county which has adopted a constitutional charter for its own local government. The 1963 Act is, therefore, "specific" legislation when compared with § 71.015, which is "general" legislation in that it purports to apply generally to any city. Where a "specific" act applying to only one class of cities is enacted subsequent to the enactment of a "general" act applying to all cities, and certain provisions of the two acts cannot be harmonized, the "specific" act will be considered an exception to the "general" act and the terms of the "specific" act will prevail. State ex rel. City of Springfield v. Smith, 344 Mo. 150, 125 S.W. 2d 883, 885; 82 C.J.S. Statutes § 369; Am. Jur., Statutes, § 563.

We are of the opinion that the conflicting provisions of the two enactments with which we are concerned cannot be harmonized "so as to give effect to legislative intent and avoid * * * meaningless results." City of St. Joseph v. Hankinson, supra. Section 71.880 specifically provides that "before proceeding as otherwise provided by law" a city to which the 1963 Act is applicable must hold the required elections in the city and in the area proposed to be annexed. Further, § 71.920 provides that in the event that the proposition to annex is "approved by a unanimous affirmative vote in both the annexing municipality and the territory sought to be annexed," the judicial review required by § 71.015 is rendered unnecessary. This exception is expressly recognized in § 71.860.

■ The effect of all this is that if a judicial review were completed before the election, and thereafter a "unanimous af-

firmative vote" resulted, the judicial review would be meaningless. If a judicial review were completed before the election, and thereafter the proposition did not carry by a majority vote in both areas, the judicial review would be meaningless. We are of the opinion that the Legislature intended that compliance with the 1963 Act should precede compliance with § 71.015.

The City of Kirkwood and Big Bend Realty Company, a named defendant favoring the proposed annexation, contend either individually or collectively that (1) the 1963 Act is prospective and does not apply to the pending annexation proceedings, and (2) if applicable it would violate Art. I, § 13 of the Constitution of Missouri, V.A. M.S., which provides that " * * * no * * * law * * * retrospective in its operation * * * can be enacted."

■ The 1963 Act provides that subsequent to October 13, 1963, the City of Kirkwood, or any other city to which the act applies, shall follow a new and different *procedure* before it is authorized to exercise the delegated legislative authority of annexation. In this case only the first legislative step had been completed when the 1963 Act became effective, and the validity or effect of that step has in no way been impaired. The new procedure called for by the 1963 Act can be, and in our opinion must now be complied with. The limitation in Art. I, § 13 of the Constitution of Missouri "does not apply * * * to a statute dealing only with procedure or the remedy." State ex rel. Clay Equipment Corporation v. Jensen, Mo.Sup., 363 S.W.2d 666, 669. The rule pertaining to vested rights in judicial proceedings, as stated in Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43, is that "[n]o person can claim a vested right in any particular·mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions—[including] those which have accrued or are pending and future actions." See also State ex rel. Clay Equipment Cor-

poration v. Jensen, supra, 363 S.W.2d at p. 669; Darrah v. Foster, Mo.Sup., 355 S.W. 2d 24; Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852; and Anson v. Tietze, 354 Mo. 552, 190 S.W.2d 193. We see no reason why the same rule should not apply here to changes by statute in the *procedure* to be followed in the exercise of a delegated legislative power. See State ex rel. Stone v. Vernon County Court, 53 Mo. 128, State ex rel. Wayne County v. Hackmann, 272 Mo. 600, 199 S.W. 990.

In connection with the contentions of the City of Kirkwood and Big Bend Realty Co., we must also consider the effect of § 1.150, which provides: " * * * nor shall any law repealing any former law, clause or provision abate, annul or in anywise affect any proceedings had or commenced under or by virtue of the law so repealed, but the same is as effectual and shall be proceeded on to final judgment and termination as if the repealing law had not passed, unless it is otherwise expressly provided."

■ It has been held that what is now § 1.150 was "intended to continue in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed." State ex rel. Wayne County v. Hackmann, supra; State ex rel. and to Use of Bair v. Producers Gravel Co., 341 Mo. 1106, 111 S.W.2d 521. However, the 1963 Act did not repeal the delegated legislative authority of the City of Kirkwood·to annex adjacent territory. That authority remained in effect, but the Legislature by the 1963 Act prescribed a different procedure to be followed in the exercise of that authority. Section 1.150 does not require or contemplate, in the situation we have here where the authority to take certain action is continued, that the procedure for carrying out that authority cannot be changed. This was ruled in Darrah v. Foster, supra, where it was said at p. 30 of 355 S.W.2d: "The defendant also relies upon § 1.150, RSMo 1959, V.A.M.S., as authority for the proposition that a change in the law shall not affect pending matters unless it is otherwise expressly provided. This stat-

ute was intended to preserve substantive rights vested prior to the repeal of the statute under which the rights were acquired and does not apply to remedies or procedures which, as we have held here, are not vested." We conclude that the changes in the procedure for exercising the delegated legislative authority of annexation, brought about by the 1963 Act, and effective on October 13, 1963, do apply to the pending legislative process of annexation, and that subsequent to the effective date of the Act the proceedings necessary to complete the annexation must be in compliance with its provisions.

The City of Kirkwood and Big Bend Realty Co. assert that the 1963 Act is invalid because it violates Art. III, § 40, paragraphs 21, 22 and 30 of the Constitution of Missouri, which provide that the Legislature shall not pass "any local or special law * * * (21) creating offices, prescribing the powers and duties of officers in, or regulating the affairs of counties, cities, townships, election or school districts; (22) incorporating cities, towns, or villages or changing their charters; * * * (30) where a general law can be made applicable * * *."

Big Bend Realty Co. asserts that "by its terms [the 1963 Act] is applicable only to municipalities 'located in any first class county which *has adopted* a constitutional charter for its own local government,'" and is a special law because it does not purport to apply to municipalities in first class counties which may in the future adopt a constitutional charter. This language is quoted from § 71.860 of the 1963 Act, which provides for the application of § 71.015. There is no merit in this contention here. Section 71.015, by its terms, applies to the City of Kirkwood. The language of the 1963 Act which describes the class of cities, towns and municipalities to which it is applicable is contained in §§ 71.870 and 71.880, and it is there provided that the new procedure applies to "any city, town or village located in a first class chartered county." Big Bend Realty Co. further asserts that

the use in the past tense of the words "located" and "chartered" demonstrates conclusively that the 1963 Act pertains only to St. Louis County because it "does not provide the 'open-endedness' necessary to avoid the prohibition" of paragraphs 21 and 30 of Art. III, § 40, Constitution of Missouri. Reliance is placed primarily upon State ex rel. Board of Managers of Reform School, etc. v. Justices of County Court, 89 Mo. 237, 1 S.W. 307, decided in 1886. It was there held that a statute which referred to "all counties in this state in which is located a city of over 50,000 inhabitants" constituted a "local or special" law contrary to the constitutional prohibition.

◼ The primary rule in statutory construction is to ascertain and give effect to the legislative intent, McCord v. Missouri Crooked River Backwater Levee Dist. of Ray County, Mo.Sup., 295 S.W.2d 42, and in doing so the courts should give the words used their plain and ordinary meaning so as to promote the object and manifest purpose of the statute. Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22. The Legislature is deemed to have been familiar with the constitutional prohibition against local or special laws, Randolph v. City of Springfied, 302 Mo. 33, 257 S.W. 449, 452, 31 A.L.R. 612; Mooney v. St. Louis County, Mo.Sup., 286 S.W.2d 763, and when the words used permit a reasonable construction consistent with the obvious legislative intent and within constitutional limitations, a construction leading to invalidity should be avoided. This is the situation in this case. Unless expressly so stated, a statute does not refer only to a factual situation as of the time of enactment, but as in this case, the 1963 Act applies at any particular time while in effect to "any city, town or village located in a first class chartered county." It would be a strained and unrealistic construction to say that the 1963 Act was intended to apply only to the factual situation in existence at the time of its enactment. The reasonable construction of the words used do not impel that construction, and such a construction

would be contrary to the manifest intent of the Legislature, particularly when it may be deemed that the Legislature did not intend to enact an invalid statute.

In State ex rel. Carpenter v. City of St. Louis, 318 Mo. 870, 2 S.W.2d 713, the statute applied to "any incorporated city containing over 300,000 inhabitants." This provision was held not to constitute a local or special law because the provisions were "not limited in their application to cities of 300,000 *then existing * * *.*" In Reals v. Courson, 349 Mo. 1193, 1199, 164 S.W.2d 306, 308, the statute was held to be local and special for other reasons, but it was stated that the "general tenor of the language, 'The boards of directors of school districts, formed of cities' etc., is broad enough that it is reasonably susceptible of the interpretation and construction that it was intended to and does not apply to future districts coming within the class, * * *.*" We cannot agree that the language of the 1963 Act, when reasonably construed in the light of the manifest legislative intention, requires a construction that it applies only to a factual situation existing at the time of enactment.

 The City of Kirkwood and Big Bend Realty Co. assert that the 1963 Act is a special law because there is no reasonable basis for singling out annexations in a first class charter county. One who assails the reasonableness of a classification has the burden of showing that it does not rest upon any reasonable basis and therefore is essentially arbitrary, Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 13 S.W.2d 628, and we conclude that that burden has not been met. It is argued that the only conceivable ground upon which this classification could have been made would relate to the availability of and the furnishing of municipal services by such a county, and they quote from City of Olivette v. Graeler, Mo.Sup., 338 S.W.2d 827, 835, the statement that " * * * [p]resently the permissive authority made available by statute to first class counties is almost as extensive as the

authority of a similar nature conferred by the Constitution upon charter counties." This statement does not say that the authority in the two types of counties is the same. It is the general rule that an act of the legislature is not to be declared special legislation because of arbitrary classification unless it reasonably appears that there are no distinctive circumstances justifying the classification. State ex rel. Hollaway v. Knight, 323 Mo. 1241, 21 S.W.2d 767. Counties of the first class are so classified on the basis of assessed valuation. Art. VI, § 8, Constitution of Missouri; § 48.020. The right of any county to adopt a special charter pursuant to Art. VI, § 18, Constitution of Missouri, depends upon the number of inhabitants, that is, more than 85,000. Any county so qualifying and which has found it expedient to adopt a special charter would have problems by reason of its population relating to police protection, sanitation and the like, which would not necessarily exist in other counties. In addition, special problems exist concerning the coordination of county and municipal governments including the division of territory under the control of each and the supplying of municipal services. These are matters of which the Legislature undoubtedly was aware, and which it could properly take into consideration in enacting legislation in an effort to meet such problems. The 1963 Act relates to the designated municipalities as a class, and it applies equally to all within that class. We cannot say as a matter of law that the classification by the Legislature of "any city, town or village located in a first class chartered county" does not rest upon any reasonable basis and is essentially arbitrary. Therefore, the 1963 Act is not a "special" law within the meaning of Art. III, § 40 of the Constitution, and for that reason it is not in conflict with paragraphs 21, 22 or 30 of said section.

 Big Bend Realty Co. contends that the 1963 Act violates Art. VI, § 8 of the Constitution of Missouri, restricting the number of counties to four, in that by adopting legislation applicable only within

charter counties, it creates five classes of counties. We are of the opinion that the 1963 Act is not unconstitutional as an attempt to create an additional class of counties. The 1963 Act is applicable to cities, not to counties. See Collector of Revenue of Jackson County v. Parcels of Land Encumbered With Delinquent Taxes et al., 362 Mo. 1054, 1070, 1071, 247 S.W.2d 83, 92, 93; Inter-City Fire Protection Dist. of Jackson County v. Gambrell, 360 Mo. 924, 931, 231 S.W.2d 193, 197, 198.

 Finally, we must comment on the contention of the City of Kirkwood that it completed the "final legislative act" when it enacted Ordinance No. 4483 on February 11, 1959, "pursuant to the power granted to the City by Section 77.020." In support of this contention the City makes this assertion: "This is an ordinance of annexation under that Section, and *it extends* the territorial limits of the City. Kirkwood's legislative action relative to the annexation was absolutely complete at that point, and no further legislative action was required by it except to provide the framework of the election after the declaratory judgment proceeding." With this we do not agree. Regardless of what the ordinance purports to provide, § 71.015 limits how a city may proceed with respect to annexation. The City could not enact a valid ordinance of annexation pursuant to § 77.020 prior to compliance with § 71.015, and insofar as Ordinance 4483 purported to do so it is a nullity. The declaration of intention to annex the area involved in this case (in the form of an ordinance but when only a resolution was required) could not be the final legislative act as contended by the City of Kirkwood. It was the first step in the legislative procedure of annexation, and only that.

We have determined that the 1963 Act is not unconstitutional for any of the asserted reasons, and that the new procedure therein provided for is applicable to the steps to be taken subsequent to October 13, 1963, by the City of Kirkwood in exercising the delegated authority to annex adjacent territory.

This means that the first legislative step, the declaration of intention to annex the described area, is valid. But, under the new procedure, an election must be held in both the city and the area proposed to be annexed and a separate affirmative majority vote favorable to the annexation must be obtained in each place *before* the declaratory judgment pursuant to § 71.015 may be obtained, if it is then required. While the present action was properly begun at the time the suit was filed, in view of the 1963 Act it is now immaterial whether the judgment of the trial court was correct because: (1) if the required separate affirmative vote is not obtained in both the city and the area, no annexation of the area can be had and no declaratory judgment is needed; (2) if the affirmative vote in both the City of Kirkwood and the area is unanimous in each place, no declaratory judgment under § 71.015 is required; and (3) if the required affirmative vote is obtained, but not by a unanimous vote in each place, a new and different suit for a declaratory judgment is required. In any and all events, the present judicial proceedings, if brought to a conclusion and final judgment entered, would result in no more than an advisory opinion on the part of this Court and would be conclusive of nothing. Therefore, this cause of action is moot.

The judgment of the trial court is reversed and the cause remanded with directions that it be dismissed.

HOLMAN, HENLEY and EAGER, JJ., concur.

STORCKMAN, C. J., concurs in separate concurring opinion.

HYDE and FINCH, JJ., dissent in separate dissenting opinions.

STORCKMAN, Chief Justice (concurring).

I concur in the majority opinion but as I view it the presence in §§ 71.015 and

71.880 of the same phrase, "before proceeding as otherwise provided by law", does not present a conflict that "cannot be harmonized" so as to give effect to the legislative intent and avoid meaningless results.

Before the enactment of the 1963 statutes, it had been established by City of St. Joseph v. Hankinson, Mo., 312 S.W.2d 4, and other cases that the Sawyers Act (§ 71.015) must be complied with prior to taking the other steps provided by law for the annexation of unincorporated territory. Thus, at the time the 1963 statutes were enacted, § 71.015 was a part of the body of law relating to annexation by any city.

Section 71.015 and the 1963 Act do not conflict in matters of substance so as to render one or the other meaningless and ineffective in whole or in part. The sole question is which must be complied with first. The 1963 Act makes this clear.

Section 71.860 of the 1963 enactment provides that the Sawyers Act shall apply to "all cities, towns, villages and municipalities of whatsoever kind" in first-class charter counties except as provided in § 71.920. This latter section provides that, if the annexation proposition is approved by a unanimous vote in both the annexing municipality and the territory to be annexed, the annexation may be made effective immediately upon the adoption of an ordinance setting out the new boundary lines. If the legislative intent was to require compliance with the Sawyers Act prior to the separate but simultaneous elections, the exception in case of unanimous majorities would be meaningless. We are admonished to give effect to all provisions of statutes if it is reasonably possible to do so. Thus § 71.860 in combination with § 71.920 is the first expression of legislative intention to require the elections to be held first.

Next § 71.870 relates generally to the *power* to annex. It provides that: "The legislative body of any city * * * shall not have the power to extend the limits * * * in accordance with the provisions

of law relating to annexation by such municipalities" *until* an election is had and the proposition for annexation is carried by majorities at separate elections held simultaneously in the municipality and the area to be annexed. Section 71.015 was a part of the existing law "relating to annexation" at the time § 71.870 was enacted in 1963. Section 71.870 has the effect of suspending the power of municipalities to proceed "in accordance with the provisions of law relating to annexation" *until* the elections are held. This, too, is consistent with a legislative intent to require the elections to be held prior to obtaining the declaratory judgment required by the Sawyers Act.

The provision in § 71.880 for giving notice of the election "before proceeding as otherwise provided by law" is also consistent with a legislative intent that the election be held prior to compliance with the Sawyers Act. The notice of election is required *whenever* the city "desires to annex". The Sawyers Act requires the declaratory judgment action to be filed *whenever* the governing body of a city "has adopted a resolution to annex." This language in the two statutes relating to the time or occasion tends to relieve against an apparent conflict through the use in each statute of the term, otherwise provided by law, especially since compliance with the Sawyers Act was "provided by law" when § 71.880 was enacted in 1963. This conclusion is fortified, as stated in the majority opinion, by the fact that the 1963 Act is a later law with a more specific application.

By this somewhat different approach, I reach the same conclusion as the majority opinion does that in first-class charter counties the elections required by the 1963 Acts must be held first. If the proposition receives a majority vote in both places, but less than unanimous votes, the Sawyers Act must be complied with next. The declaratory judgment required by § 71.015 would still perform a useful function in protecting the rights of all parties concerned and in determining the issue of

reasonableness and the other matters specified.

If the two previous steps are favorable to the annexing municipality, then the municipality may complete the annexation by compliance with the procedure for annexation applicable to municipalities of its class. The minimum requirement or procedure remaining would be the adoption of an annexation ordinance.

Section 77.020 applicable to the City of Kirkwood requires the extension of the city limits to be "with the consent of a majority of the legal voters of such city voting at an election". This statute does not state *when* the "consent of the legal voters" shall be obtained. We need not determine in this case whether a favorable vote under §§ 71.870–71.900 also satisfies the requirement of § 77.020 or if a second election is required since that issue has not been briefed on this appeal and has not been reached for decision.

These are perhaps additional reasons for reaching the same conclusion as the majority opinion, but I felt they should be stated. Therefore, I concur.

FINCH, Judge (dissenting).

I would affirm the judgment herein, assuming that the evidence presented in the trial court was sufficient to meet the requirements of the Sawyers Act (§ 71.015),[1] a question not reached in the majority opinion, because I am not convinced that the 1963 Act (§§ 71.860–71.920)[2] makes it mandatory that the elections prescribed by § 71.870 must be held before it is permissible to institute and prosecute a Sawyers Act case. I concur, however, with the conclusion of the majority opinion that § 71.870 is applicable to this annexation by the City of Kirkwood and that a favorable vote in simultaneous elections in the city and the

area to be annexed would be required before the annexation could be completed.

The majority opinion finds that there is an irreconcilable repugnance between the provisions of § 71.015 (incorporated specifically by § 71.860 of the 1963 Act) and § 71.880, in the fact that each contains language requiring certain action before proceeding as otherwise authorized or provided by law. These two provisions, in effect, call for two different conditions precedent, says the majority opinion, and cannot be reconciled. Consequently, on the basis that § 71.015 is both a prior and a general law, purporting to apply to any city, whereas § 71.860 is both a later and a special law, applying only to cities, towns and villages in first-class charter counties, the majority opinion holds that § 71.880 repeals § 71.015 to the extent of the repugnancy. The opinion further holds, as additional support for its conclusion, that the legislature intended compliance with § 71.-880 before the city should proceed with judicial review under § 71.015 on the basis that § 71.920 makes judicial review unnecessary if the proposal to annex is "approved by a unanimous affirmative vote in both the annexing municipality and the territory sought to be annexed." I cannot agree with either of these conclusions, for the reasons hereinafter set forth.

The majority opinion overlooks the fact that § 71.860 of the 1963 Act specifically incorporated the provisions of § 71.015 into the 1963 Act and made it applicable to all municipalities located in first-class counties having a constitutional charter for their own local government. Prior to that time the Sawyers Act had been held inapplicable by its terms to towns and villages (Emerson Electric Manufacturing Co. v. City of Ferguson, Mo.App., 376 S.W.2d 643), but by § 71.860 the legislature now made it applicable to *all cities, towns and villages* in first-class charter counties. The

---

1. All references to § 71.015 herein are to RSMo 1959, V.A.M.S.

2. All references herein to §§ 71.860 to 71.920, inclusive, are to Mo.R.S. Cumulative Supplement 1965, Vol. 5, V.A.M.S., Pocket Part.

effect thereof is the same as though the language of § 71.015 was repeated in § 71.860 verbatim, except to make it apply to all cities, towns and villages in first-class charter counties. Therefore, in interpreting the section requiring that a favorable declaratory judgment be obtained, we must construe it as an integral part of the 1963 Act. We are not confronted with the question of whether § 71.880 shall prevail as a provision in a later, special law over an earlier, general law. The question is not whether § 71.880 prevails over § 71.015, but rather whether § 71.880 prevails over § 71.860, or vice versa, or whether both can be made effective. We are dealing with two sections in the same law, passed at the same time. Hence, the cases cited in the majority opinion, such as State ex rel. City of Springfield v. Smith, 344 Mo. 150, 125 S.W.2d 883, are not applicable. Those cases are considering a situation involving two different statutes, passed at different times.

The question, then, becomes one of whether we can construe the various sections of the 1963 Act so as to avoid repugnancy and give effect and meaning to all. The very first section of the 1963 Act (§ 71.860), when we consider the language incorporated by reference as a part thereof, provides that whenever the governing body of a city, town or village in a first-class charter county has adopted a resolution to annex, it shall "before proceeding as otherwise authorized by law or charter" file a declaratory judgment action. The next sections are § 71.870, which provides for simultaneous elections in both the municipality and the area to be annexed, and § 71.880, which provides that the city "before proceeding as otherwise provided by law" shall certify notice of such proposed elections to the board of election commissioners and the governing board of the county. This is to be done by sending to the agencies indicated a description of the tract to be annexed and a copy of the order, resolution or ordinance which contains the legislative act of the municipality ordering the election. Nothing in either § 71.870 or § 71.880 provides specifically that the elections are to precede the Sawyers Act suit called for in § 71.860. Neither do I find such provisions by implication. It is to be noted that § 71.880, the section relied on primarily by the majority opinion to establish repugnance, calls for sending a copy of the order, resolution or ordinance *directing the election*. This is to be done before proceeding as otherwise provided by law. This does not imply that the declaratory judgment action could not have preceded, for the order directing the election is not necessarily the same as the resolution to annex referred to in § 71.015 and incorporated by reference into § 71.860. There simply is not any irreconcilable repugnance in the two sections. It even is arguable that this language as to the order, resolution or ordinance which "orders the election" evidences a recognition by the legislature that action under § 71.870 was to follow action under § 71.860, but certainly no clear and definite order of priority is established. It would seem that if the legislature had intended by the provisions of §§ 71.870 and 71.880 that the holding of the elections must precede the institution of a Sawyers Act suit, they certainly could and would have so provided.

As noted, both § 71.860 and § 71.880 contain language indicating that the acts required thereunder shall be performed before proceeding with annexation. The existence of such language in both sections is confusing, and leaves much to be desired, but the language of neither section clearly indicates that it is to precede the other or that one is a condition precedent to the other. The only thing absolutely clear is that both the Sawyers Act suit and the elections must precede annexation. Under these circumstances, I would construe the statute in such a way as to give effect both to § 71.860 and to § 71.880, *rather than to nullify or repeal § 71.860*, as the majority opinion does. It is our obligation to so do when possible. I would hold that it would be permissible to proceed first with the Sawyers Act suit pursuant to § 71.860, and then

with the elections under §§ 71.870 and 71.-880, or vice versa, or that the two even could proceed simultaneously, but that compliance with both would be required before proceeding with annexation. I would agree that if no Sawyers Act case has been brought or decided at the time of the elections under § 71.870, a unanimous vote in both elections would dispense with the necessity therefor. Section 71.920 so provides. The language of that section dispensing with the need for such a suit under those circumstances would indicate that the elections may be held first, but I do not agree that the statute thereby creates by inference a mandatory requirement that the elections precede the institution of the suit.

The majority opinion says that it repeals or nullifies § 71.015 to the extent it is repugnant to § 71.880, but it is submitted that instead the result is to repeal § 71.860 as it is the section which now makes the declaratory judgment suit provisions applicable to cities, towns and villages in first-class charter counties. Consequently, the effect of the majority opinion might be that the Sawyers Act would continue to be inapplicable to towns and villages in first-class charter counties, thus nullifying the intention of the legislature as expressed in § 71.860 to extend the requirement of a declaratory judgment action to such municipalities.

Insofar as the City of Kirkwood is concerned, the result of the majority opinion is that the present Sawyers Act case is dismissed. If the city later holds elections and obtains favorable votes in both the city and the area to be annexed, it then must retrace its steps by filing a new Sawyers Act case and trying the case anew, in effect redoing exactly what has been done in the case now pending in this court. This is a procedure which is wasteful of both time and money. I do not find such mandatory language in the various sections of the 1963 Act as to require that result, and I do not believe the legislature so intended.

HYDE, Judge (dissenting).

I concur in dissenting opinion of Finch, J., herein holding an election is not required to precede a resort to the declaratory judgment procedure provided by Sec. 71.015, RSMo; but I desire to make the following statement concerning my view as to other reasons why the same result should be reached.

I stated my view concerning Sec. 71.015, called the Sawyers Act, in a separate concurring opinion in City of Hannibal v. Winchester, Mo.Sup., 391 S.W.2d 279, 290, as follows: "All the Act says is: *'Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall,* before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, *file an action in the circuit court* of the county in which such unincorporated area is situated, under the provisions of Chapter 527, RSMo 1949, praying for a declaratory judgment authorizing such annexation.' (Emphasis mine.) 'A resolution is ordinarily ministerial in character and relates to the administrative business of the municipality, whereas an ordinance is distinctively a legislative act.' 5 McQuillin, Municipal Corporations 52, Sec. 15.02. Nowhere in Sec. 71.015 is there any requirement that there be a resolution to begin annexation proceedings and there is no reason why there must be a resolution in the annexation process. There can be no doubt that annexation is the exercise of legislative power so that an ordinance which is a legislative act is required. Thus only if the term 'resolution' is construed to include 'ordinance,' as suggested in the McConnell case [McConnell v. City of Kansas City] (282 S.W.2d 518), would the provisions of Sec. 71.015 be mandatory as to any city. This is true because a city can annex without a resolution but cannot annex without an ordinance. Literally, by its terms, Sec. 71.015 only requires a declaratory judgment *'whenever'* a resolution has been adopted and it does not anywhere *require* the adoption of a resolution." ·

This statute seems to me to authorize an optional procedure because it does not require a resolution as an essential step in annexation proceedings and there is no claim that any other statute requires it. Such construction is in accord with the title to the Act which is: "An Act relating to annexation of unincorporated areas by cities, and providing for actions therefor." (Laws Mo.1953, p. 309.) This does not indicate a mandatory requirement and to construe it as mandatory would be giving the statute a construction not authorized by the title, in violation of Sec. 23, Art. III of the Constitution. See discussion of effect of this constitutional provision in State ex rel. Normandy School District, etc. v. Small, Mo.Sup., 356 S.W.2d 864, 867–869, and cases cited. The failure of this title to provide a mandatory requirement is emphasized by the heading placed on this section 71.015 in the published statutes as follows: "Annexation of territory, declaratory judgment *required*—proceedings." The lack of a statement in the title that anything is *required* actually makes it necessary to construe the Sawyers Act procedure as only optional procedure. (Emphasis mine.)

Prior to the adoption of Sec. 71.015, the effective method for determining the reasonableness of an annexation was quo warranto after the election had been carried. See State ex inf. Mallett ex rel. Womack v. City of Joplin, 332 Mo. 1193, 62 S.W.2d 393; State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762. Sec. 71.015 provided a new and better remedy by which a city could have the issue of reasonableness of an annexation determined before going to the expense of holding an election. All it had to do was to adopt a resolution to annex and file an action for declaratory judgment. If it got a favorable judgment, the issue of reasonableness was res judicata. See City of St. Joseph v. Hankinson, Mo.Sup., 312 S.W.2d 4, 17. However, if a city does not get the issue of reasonableness decided by the Sawyers Act pro-

cedure before an election, it may still be determined in quo warranto after the election.

The 1963 Act (Laws Mo.1963, p. 126) does not change this situation. All it provides is: "The provisions of section 71.015, RS Mo 1959, *shall apply* as well to all cities, towns, villages and municipalities of whatsoever kind, located in any first class county which has adopted a constitutional charter for its own local government, except as provided in section 7 of this act." Sec. 1 now Sec. 71.860. (Emphasis mine.)

All this does is to make Sec. 71.015 *applicable* to all municipalities in first class charter counties instead of only to cities as before. It, in no way, changed its application or effect. It added nothing to require it as mandatory procedure and if it was not mandatory before, the 1963 Act did not make it mandatory. Therefore, my view is that it is still optional with any municipality in St. Louis County and elsewhere whether it acts under Sec. 71.015 to determine the reasonableness of a proposed annexation before it adopts an ordinance therefor or takes any other steps for that purpose. If it does so, as has been done in this case, my conclusion is that this would make the issue of reasonableness res judicata; and I would hold the action of the City of Kirkwood herein to be proper and entitled to be finally determined by this Court on the merits.

## ON MOTION FOR REHEARING

### PER CURIAM:

The City of Kirkwood and Big Bend Realty Company, in their Motion for Rehearing, allege that the majority opinion overlooked the effect herein of Art. VI, § 15 of the Missouri Constitution, V.A.M.S., which provides for the organization and classification of cities and towns in not to exceed four classes so that municipal corporations of the same class shall possess the same powers and be subject to the same restrictions.

The majority opinion, although not specifically mentioning Art. VI, § 15 of the

Missouri Constitution, notes the existence of special problems concerning the coordination of county and municipal governments within a first class chartered county, holds that the 1963 Act relates to the designated municipalities as a class and applies equally to all within that class, and holds that we "cannot say as a matter of law that the classification by the Legislature of 'any city, town or village located in a first class chartered county' does not rest upon any reasonable basis and is essentially arbitrary." The 1963 Act does not violate the provisions of Art. VI, § 15 of the Missouri Constitution. City of Lebanon v. Schneider, 349 Mo. 712, 717, 718, 163 S.W.2d 588, 590; State ex rel. Carpenter v. City of St. Louis, 318 Mo. 870, 889, 890, 2 S.W.2d 713, 717.

Accordingly, the Motion for Rehearing is overruled.