Dear Commissioner Mallory:
This letter is in response to your request for an opinion of this office asking the following question:
 In order for a local public school district to receive state foundation aid money under Section 163.031, RSMo, must the average daily attendance and membership be determined on the basis of full-time equivalence as specified in section 163.012, RSMo?
Chapter 163, RSMo, contains provisions relating to financial aid given by the state to local school districts for elementary and secondary education. Section 163.012, RSMo Supp. 1984, provides as follows:
 For state aid and all other school purposes, membership and average daily attendance shall be determined on the basis of full-time equivalence in the same manner as specified for part-time students in section 163.011.
This section was recently enacted as a new provision in Chapter 163. L. 1984 H.B. 1456 and 1197.
Section 163.011, RSMo Supp. 1984, which was not changed by H.B. 1456 and 1197, contains definitions for use in Chapter 163. The paragraphs of Section 163.011 implicated by Section 163.012
are as follows:
 (2) "Average daily attendance" means the quotient or the sum of the quotients obtained by dividing the total number of days attended in a term by resident pupils in grades kindergarten through twelve, inclusive, and between the ages of five and twenty by the actual number of days in that term but not including legal school holidays and legally authorized teachers' meetings. To the average daily attendance of full-time students shall be added the full-time equivalent average daily attendance of part-time students and the full-time equivalent average daily attendance of summer school students. "Full-time equivalent average daily attendance of part-time students" shall be computed by dividing the total hours attended by resident part-time students who are not subject to the provisions of section 167.031, RSMo, by the number of hours school was in session that term. "Full-time equivalent average daily attendance of summer school students" shall be computed by dividing the total number of hours attended by all summer school pupils by the number of hours in the regular school term;
* * *
 (7) "Membership" shall be determined by dividing by two the sum of (1) the number of resident full-time students and the full-time equivalent number of part-time students who were enrolled in the public schools of the district on the last Wednesday in September of the previous year and who were in attendance one day or more during the preceding ten school days, (2) the number of resident full-time students and the full-time equivalent number of part-time students who were enrolled in the public schools of the district on the last Wednesday in January of the previous year and who were in attendance one day or more during the preceding ten school days, and (3) the full-time equivalent number of summer school pupils. "Full-time equivalent number of part-time students" is determined by dividing the total number of hours for which all part-time students are enrolled by the number of hours in the regular school term. "Full-time equivalent number of summer school pupils" is determine by dividing the total number of hours for which all summer school pupils were enrolled by the number of hours in the regular school term. "Full-time equivalent number of kindergarten pupils" is determined by dividing the number of such pupils in membership by two;
[Underscoring indicates bold-faced print in RSMo Supp. 1984.]
The terms "average daily attendance" and "membership" stand for certain formulas which are used throughout Chapter 163 to determine how much state aid a particular school district will receive. From your opinion request it appears that a problem has arisen about whether Section 163.012 changed the way in which the formulas for these two terms are determined because H.B. 1456 and 1197 did not expressly repeal those parts of paragraphs (2) and (7) which conflict with Section 163.012. The question then is what effect does Section 163.012 have on the determinations of average daily attendance and membership.
"Full-time equivalent" is determined for part-time students in Section 163.011 in the third sentence of paragraph (2) and in the second sentence of paragraph (7). Both determinations use a formula by which total hours attended by the students are divided by the hours that the school is in session. This is in contrast with the formula for average daily attendance and membership contained in the preceding parts of the respective paragraphs which utilized the number of days attended by students as divided by the number of days in the term. The difference made by Section 163.012, then, in regard to full-time students is that a formula which is computed in hours as opposed to days is to be used to determine average daily attendance and membership. This makes a difference because now the time spent at school by a full-time student who does not stay the entire day, for instance, because of illness, can still be counted toward the formula by which state aid to that school district is determined. Before Section 163.012 became effective, a partial day in school by such a student was lost to the school district in regard to a determination of the amount of state aid because the student was not there an entire day.
Whether the provisions of Section 163.012 should control over those conflicting parts of paragraph (2) and (7) of Section163.011 which directly define "average daily attendance" and "membership", respectively, is determined by the rules of statutory construction approved in Colabianchi v. Colabianchi,646 S.W.2d 61 (Mo. banc 1983). In that case, the court was faced with contradictory statutes. Section 452.305.2 which had been enacted in 1973 required a circuit court to grant a legal separation but not a dissolution of marriage if one party requested it. However, an amendment in 1977 to Section 452.320.1 required the court to dissolve the marriage if both parties stated that the marriage was irretrievably broken. In the Colabianchi situation, both parties agreed that the marriage was irretrievably broken but one had requested by way of cross petition a legal separation rather than a dissolution. The court held that the later enacted statute prevailed.
 This contention must fail because to the extent that Section 452.305.2 is contrary to the later enacted provisions of Section 452.320.1 the latter prevails. Where there are two acts on one subject, both should be given effect if possible, but if they are repugnant in any of their provisions, the later act, even sans a specific repealing clause, operates to the extent of the repugnancy to repeal the first. City of Kirkwood
v. Allen, 399 S.W.2d 30, 34 (Mo. banc 1966). See also, State on Inf. of Taylor v. American Insurance Company, 355 Mo. 1053, 200 S.W.2d 1, 14 (Mo. banc 1946) and State ex rel. Armontrout v. Smith, 353 Mo. 486, 182 S.W.2d 571, 574 (Mo. banc 1944), and this is true even though the law does not favor repeal by implication.
Colabianchi v. Colabianchi, supra, at 63.
Section 163.012 is the later enacted statute. It was enacted in 1984. See, L. 1984, H.B. 1456 and 1197. At that time, Section 163.011 had been last amended in 1982. See, A. L. 1982, adopted by initiative, Proposition C, November 2, 1982. The provision of Section 163.012 which contradicts the definition of average daily attendance and membership in Section 163.011
prevails.
Therefore, it is our view that average daily attendance and membership must be determined on the basis of full-time equivalence as specified in Section 163.012, RSMo Supp. 1984.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General