Dear Representative Hamlett:
This opinion is in response to your question asking:
 When a juvenile court, pursuant to section 1 of House Substitute for Senate Committee Substitute for Senate Bill 622, enacted in 1988, determines that its juvenile court personnel should be paid more than the state compensation provided for in section 211.381, RSMo, and the county commission disagrees with the juvenile court's determination of the need for additional compensation, does the county have to provide such additional compensation or does the county commission have the right not to approve the request for additional compensation pursuant to section 1 of HS for SCS for SB 622?
Section 1 of House Substitute for Senate Committee Substitute for Senate Bill No. 622, 84th General Assembly, Second Regular Session (1988) (hereinafter referred to as "Senate Bill No. 622") provides:
 Section 1. The provisions of subsection 5 of section 211.381, RSMo, to the contrary notwithstanding, the salary determined pursuant to subsections 1, 2 and 3 of section 211.381, RSMo, is a limit to the state contribution to the compensation paid to juvenile court personnel and is not a limit to the total compensation that may be paid. Any compensation above the amounts determined pursuant to the provisions of this section shall be approved by the judge of the juvenile court and the governing body of the city or county providing such additional compensation.
The Missouri Supreme Court long ago established that it is the judiciary, not the county legislative body, which has the final authority on the question of how much juvenile court employees are to be paid. This holding is based on the state constitutional principle of the separation of the powers of the judiciary and the legislative bodies which prohibits legislative bodies from interfering with the essential operations of the courts. See Article II, Section 1, Missouri Constitution of 1945.
 We are of the opinion that within the inherent power of the Juvenile Court of St. Louis County, subject to the supervisory control of the Circuit Court of St. Louis County . . . [citations omitted], is the authority to select and appoint employees reasonably necessary to carry out its functions of care, discipline, detention and protection of children who come within its jurisdiction, and to fix their compensation. In order that the Court may administer justice under the Juvenile Code, it is essential that it control the employees who assist it.
State ex rel. Weinstein v. St. Louis County, 451 S.W.2d 99,102 (Mo. banc 1970). This principle was later reaffirmed inState ex rel. St. Louis County v. Edwards, 589 S.W.2d 283,288-290 (Mo. banc 1979).
The court in Weinstein held that disputes on budget matters between local circuit courts and county legislative bodies were to be resolved by a petition for review filed in the Supreme Court in which the county would ask the Supreme Court to find that the request of the juvenile court was unreasonable. In the absence of such a finding, the county legislative body would be compelled to permit the increased salaries.
Subsequent to the Weinstein decision, the legislature amended Section 50.640 and enacted Section 477.600, RSMo 1986, to provide a mechanism to mediate and resolve these budget disputes. Section 50.640.1, RSMo 1986, provides that the county commission cannot change the budget estimates submitted by the circuit court or the circuit clerk without the consent of the circuit court or the circuit clerk, respectively. Subsection 2 authorizes the county to file a petition for review with a body called the Judicial Finance Commission if the county governing body "deems the estimates of the circuit court to be unreasonable". The circuit court then has the burden of convincing the Judicial Finance Commission that its budget estimate is reasonable.
Section 477.600, RSMo 1986, provides for the creation of the Judicial Finance Commission and sets forth its procedures. The Judicial Finance Commission can accept and adjudicate the petition for review or it can refuse the petition "where the percentage increase of the judicial budget is equal to or less than the percentage increase of the county government budget or where four members of the commission vote to reject consideration of the case." See Section 477.600.6(3), RSMo 1986. Under Section 477.600.7, RSMo 1986, the circuit court or the county governing body, upon receipt of the written opinion of the Commission or upon refusal of the Commission to accept the petition for review, may seek review in the Supreme Court by filing a petition for review with that court within thirty days. If the petition for review is not filed in the Supreme Court, then the recommendation of the Commission shall take effect. If the Commission refuses to review a petition and no petition is filed in the Supreme Court, the circuit court budget is approved as submitted to the county governing body.
The last sentence of Section 1 of Senate Bill No. 622 providing that the compensation above specified amounts shall be approved by both the juvenile court and the governing body of the county has to be interpreted in light of the overriding constitutional principle of the separation of powers as interpreted in the Weinstein and Edwards cases cited above.
 The primary rule of statutory construction is to ascertain and give effect to legislative intent. City of Kirkwood v. Allen, 399 S.W.2d 30, 36 (Mo. banc 1966). One guideline in accomplishing this purpose is found in the presumption that the legislature is familiar with constitutional requirements so that "when the words used permit a reasonable construction consistent with the obvious legislative intent and within constitutional limitations, a construction leading to invalidity should be avoided." Id.
Aro Systems, Inc. v. Supervisor of Liquor Control, 684 S.W.2d 504,507-508 (Mo.App. 1984).
In order to avoid an interpretation which would render the last sentence in Section 1 unconstitutional, that section must be interpreted to mean that the governing body of the city or county may "approve" the increased compensation if it agrees with the reasonableness of the request. To interpret the provision to mean that the governing body of the city or county can deny or lessen the request without getting the consent of the circuit court or without utilizing the Judicial Finance Commission procedure would be to render it unconstitutional in light of the Weinstein and Edwards cases cited above.
CONCLUSION
It is the opinion of this office that when a juvenile court, pursuant to Section 1 of House Substitute for Senate Committee Substitute for Senate Bill No. 622, 84th General Assembly, Second Regular Session (1988) determines that its juvenile court personnel should be paid more than the state compensation provided in Section 211.381, RSMo 1986, and the county commission disagrees with the juvenile court's determination of the reasonableness of the additional compensation, the county must either provide for the payment of the additional compensation, obtain the consent of the circuit court to change or disapprove the request, or file a petition for review with the Judicial Finance Commission in accordance with Sections 50.640 and 477.600, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General